## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SCOTT PATTERMANN, on behalf of himself
and all others similarly situated,

                Plaintiff,

v.

OSI COLLECTION SERVICES, INC. d/b/a
MEDICAL ACCOUNTING SERVICE

                Defendant.

**CLASS ACTION COMPLAINT**

```
FILED: APRIL 18, 2008
08CV2233          EDA
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE ASHMAN
```

**Civil Action No.**

**JURY TRIAL DEMANDED**

---

## CLASS ACTION COMPLAINT

### I.    <u>INTRODUCTION</u>

1.      This action is brought by Plaintiff Scott Pattermann, on behalf of himself and all others similarly situated, for statutory damages against Defendant OSI Collection Services, Inc. d/b/a Medical Accounting Service for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.    <u>JURISDICTION</u>

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue is proper in this district as all relevant events took place here.

### III.    <u>PARTIES</u>

3.      Plaintiff Scott Pattermann is an individual who resides in Plainfield, Illinois.

4.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.      Defendant OSI Collection Services ("OSI") is a debt collection agency and corporation organized under the laws of the State of Delaware with an office located at 5626 Frantz Road, Dublin, Ohio.

6.      OSI is licensed by the State of Illinois as a collection agency.

7.      According to the records of the Illinois Secretary of State, Medical Accounting Service is an "assumed name" of OSI.

8.      According to the records of the Illinois Division fo Professional Regulation, OSI does business as or is also known as Medical Accounting Service.

9.      OSI does business as Medical Accounting Service.

10.     OSI is engaged in the collection of debts from Illinois consumers using the mail and telephone.

11.     OSI regularly attempts to collect consumer debts alleged to be due to another.

12.     OSI was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

IV.    **FACTUAL ALLEGATIONS**

13.     From October 15-18, 2007, Mr. Pattermann sought medical treatment and/or services from Central DuPage Hospital.

14.     Due to the medical treatment and/or services provided by Central DuPage Hospital from October 15-18, 2007, Mr. Pattermann incurred a debt to Central DuPage Hospital.

15.     After insurance payments were made, there remained a balance due to Central DuPage Hospital in the amount of $159.85 ("the Debt").

16.     Mr. Pattermann did not pay the Debt because it was covered by his employer's

workers' compensation insurance.

17.    The Debt was due on the date of service.

18.    Defendant obtained the Debt after it entered default.

19.    By correspondence dated March 10, 2008, Defendant arranged for the preparation

and transmittal of a letter to Mr. Pattermann at his residence in an attempt to collect the Debt.

The front and back sides of Defendant's March 10, 2008, letter to Mr. Pattermann are attached

hereto as Exhibit A.

20.    Exhibit A states:

> Dear Scott Pattermann,
>
> CENTRAL DUPAGE HOSPITAL has retained Medical Accounting
> Service to act as an extension of their business office to assist patients
> with their accounts.
>
> At this time we would like to provide you with three options:
>
> 1)    Enclose payment in full with the tear off portion of this
>        letter.  Please make check payable to CENTRAL
>        DUPAGE HOSPITAL.
>
> 2)    Apply the balance to:
>        MasterCard_____ Visa_____
>        Discover_____ American Express_____
>        Card number _____
>        Exp. Date _____
>        Signature _____
>
> 3)    Contact Medical Accounting Service to establish a
>        payment arrangement at 1-800-999-0203. Their office
>        hours are Monday - Friday 8:00 am to 5:00 pm EST.
>
> ***
>
> "NOTICE" SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

21.    The reverse side of Exhibit A (page 2 of Exhibit 2 herein) contains the notice

required by 15 U.S.C. § 1692g.

22.    Exhibit A contains on its reverse side below the § 1692g  notice:

If you notify us in writing that: (I) You wish to cease contact with you by telephone at your residence or place of employment, then no such further contact by telephone shall be made; (II) You refuse to pay a debt or wish us to cease further communication with you, then we shall not communicate further with you with respect to such debt, except for a written communication: (A) To advise you that our further efforts are being terminated; (B) To notify you that we or the creditor may invoke specified remedies which are ordinarily invoked by us or the creditor; (C) Where applicable, to notify you that we or the creditor intend to invoke a specified remedy permitted by law. If your written notice concerning (I) and/or (II) above is made by mail, notification shall be complete upon our receipt. If you orally inform us of (I) and/or (II) above, we shall advise you that such communication must be made in writing. The information contained in this paragraph is required to appear in our initial written communication with you.

23.    Exhibit A states that a request that Defendant cease contact by telephone at the consumer's residence or place of employment must be made in writing.

24.    A consumer may orally request that a debt collector cease contact by telephone at the consumer's residence.

25.    A consumer may orally request that a debt collector cease contact by telephone at the consumer's place of employment.

26.    A consumer may orally notify a debt collector that the consumer's residence is an inconvenient place to receive calls from a debt collector.

27.    A consumer may orally notify a debt collector that the consumer's place of employment is an inconvenient place to receive calls from a debt collector.

28.    A consumer may orally notify a debt collector that the consumer's place of employment prohibits the consumer from receiving calls from a debt collector.

29.    The information contained in Paragraph 22 above was not required to appear in Defendant's initial written communication to Mr. Pattermann.

30.    The Debt referred to in Exhibit A was incurred for personal, family, or household purposes, *i.e.*, medical services and/or treatment.

Page 4

**V.    DEFENDANT'S POLICIES AND PRACTICES**

31.    It is the standard policy and practice of Defendant to use false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

32.    It is the standard policy and practice of Defendant to threaten to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5).

33.    It is the standard policy and practice of Defendant to contradict and/or overshadow the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

**VI.    CLASS ALLEGATIONS**

34.    This action is brought as a class action.  Plaintiff defines the class as (i) all persons with addresses within the state of Illinois (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) to recover a debt to Central DuPage Hospital (iv) incurred for medical services and/or treatment (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

35.    The class is so numerous that joinder of all members is impractical.

36.    Upon information and belief, more than 50 persons with addresses within the state of Illinois were sent a letter from Defendant in the form of Exhibit A to recover a debt to Central DuPage Hospital incurred for medical services and/or treatment which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the

filing of this Complaint through the present.

37.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.  The principal issue is whether Defendant violated the FDCPA by:

A.    using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

B.    threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5); and

C.    contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

38.    There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by a ministerial inspection of Defendant's records.

39.    Plaintiff will fairly and adequately protect the interests of the class.

40.    Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

41.    The questions of law and fact common to the class predominate over any issues involving only individual class members.  The principal issue is whether OSI's practice of sending letters in the form of Exhibit A violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

42.    Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

43.    A class action is a superior method for the fair and efficient adjudication

of this controversy. Class-wide damages are essential to induce Defendant to comply with

Federal law. The interest of class members in individually controlling the prosecution of

separate claims against Defendant is small because the maximum statutory damages in an

individual FDCPA action are $1,000.00. Management of these class claims are likely to present

significantly fewer difficulties than those presented in many class actions, e.g., for securities

fraud.

## VII.    COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

44.    Plaintiff repeats, realleges, and incorporates by reference the foregoing

paragraphs.

45.    Defendant's violations of the FDCPA include, but are not limited to:

A.    using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

B.    threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5); and

C.    contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

46.    As a result of Defendant's violations of the FDCPA, Plaintiff and the class

members are entitled to a declaratory judgment and an award of statutory damages, costs and

reasonable attorney fees.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Scott Pattermann requests that judgment be entered in his favor

and in favor of the class against Defendant OSI Collection Services, Inc. d/b/a Medical

Accounting Service for:

A.    Certification of this matter as a class action;

B.    Declaratory judgment that Defendant's practices violates the FDCPA;

C.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

      and

E.    For such other relief as the Court may find to be just and proper.

## IX.    JURY DEMAND

Plaintiff Scott Pattermann hereby demands that this case be tried before a Jury.

 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)

ATTORNEYS FOR PLAINTIFF SCOTT PATTERMANN

# EXHIBIT A

966867 MA 2201888(4993)8847
5626 FRANTZ RD BOX 7100
DUBLIN OH 43017-0704

*Medical Accounting Service*

**M**
**A**
**S** ®

800-999-0203

03282-1

SCOTT PATTERMANN
24906 GATES LN
PLAINFIELD IL 60585-2213

| CREDITOR: |
|---|
| CENTRAL DUPAGE HOSPITAL |
| **PATIENT NAME:** |
| SCOTT PATTERMANN |
| **PATIENT ID:** |
| 5225452001 |
| **ACCOUNT #:** |
| 2201888 |
| **DATE:** |
| 3/10/08 |
| **TOTAL DUE:** |
| $159.85 |

Dear Scott Pattermann,

CENTRAL DUPAGE HOSPITAL has retained Medical Accounting Service to act as an extension of their business office to assist patients with their accounts.

At this time we would like to provide you with three options:

1) Enclose payment in full with the tear off portion of this letter. Please make check payable to CENTRAL DUPAGE HOSPITAL.

2) Apply the balance to:
   MasterCard_____   Visa_____   Discover_____   American Express_____
   Card Number_____   Exp. Date_____
   Signature_____

3) Contact Medical Accounting Service to establish a payment arrangement at 1-800-999-0203. Their office hours are Monday - Friday 8:00 am to 5:00 pm EST.

You may be eligible for a financial assistance program offered by our client. If you are unable to pay your bill and feel that you may qualify for such a program, please contact 800-999-0203 for further information.

### PAYMENTS PROCESSED AFTER 03/10/08 ARE NOT SHOWN

**All check payments received grant Medical Accounting Service the right to process the check electronically. Also, your returned check may be collected electronically if it is returned for insufficient or uncollected funds.**

"NOTICE" SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
TO ENSURE PROMPT CREDIT OF YOUR PAYMENT, THE BOTTOM PORTION OF THIS STATEMENT MUST BE RETURNED-RETAIN THIS PORTION FOR YOUR RECORDS.
ALWAYS INCLUDE YOUR ACCOUNT NUMBER AND FULL NAME ON ALL ATTACHMENTS AND CHECKS. PLEASE PRINT. WE DO NOT ACCEPT POST DATED CHECKS.

FOR ADDRESS CHANGE CHECK THIS BOX
AND COMPLETE FORM ON REVERSE SIDE. ☐

G8BT6M08 MB    UD250G1001*T6M* 4993

SCOTT PATTERMANN
24906 GATES LN
PLAINFIELD IL 60585-2213

| CREDITOR: |
|---|
| CENTRAL DUPAGE HOSPITAL |
| **PATIENT NAME:** |
| SCOTT PATTERMANN |
| **PATIENT ID:** |
| 5225452001 |
| **ACCOUNT #:** |
| 2201888 |
| **DATE:** |
| 3/10/08 |
| **TOTAL DUE:** |
| $159.85 |

CENTRAL DUPAGE HOSPITAL
PO BOX 4698
CAROL STREAM IL 60197-4698

THIS DEBT WILL BE ASSUMED TO BE VALID UNLESS THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF.

IF THE CONSUMER NOTIFIES US IN WRITING WITHIN THE THIRTY-DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, COLLECTOR WILL OBTAIN VERIFICATION OF THE DEBT AGAINST THE CONSUMER AND A COPY OF SUCH VERIFICATION WILL BE MAILED TO THE CONSUMER BY US.

UPON THE CONSUMER S WRITTEN REQUEST WITHIN THE THIRTY-DAY PERIOD, WE WILL PROVIDE THE CONSUMER WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you notify us in writing that: (I) You wish to cease contact with you by telephone at your residence or place of employment, then no such further contact by telephone shall be made; (II) You refuse to pay a debt or wish us to cease further communication with you, then we shall not communicate further with you with respect to such debt, except for a written communication: (A) To advise you that our further efforts are being terminated; (B) To notify you that we or the creditor may invoke specified remedies which are ordinarily invoked by us or the creditor; (C) Where applicable, to notify you that we or the creditor intend to invoke a specified remedy permitted by law. If your written notice concerning (I) and/or (II) above is made by mail, notification shall be complete upon our receipt. If you orally inform us of (I) and/or (II) above, we shall advise you that such communication must be made in writing. The information contained in this paragraph is required to appear in our initial written communication with you.

Minnesota: This collection agency is licensed by the Minnesota Department of Commerce.

Note: The above information is not intended to be a complete list of rights consumers may have under state and federal law.

### TO HELP US SERVE YOU BETTER

When making payments, please be sure to include your account number(s) on your check. Make your check payable as directed on the front of this notice.

Submit all forms and/or correspondence via the appropriate address on the opposite side of this notice. INCLUDE YOUR NAME AND ACCOUNT NUMBER(S) on all items.

When telephoning, call the number on the front of this notice. Have the name of the institution to which the money is owed (see "make checks payable to:" on the opposite side) and the account number(s) available.

ENTER NAME/ADDRESS/PHONE CHANGE BELOW.

IN THE BOXES TO THE RIGHT INDICATE YOUR ACCOUNT NUMBER AS SHOWN ON REVERSE SIDE.

PLEASE SEPARATE LAST NAME, FIRST NAME AND MIDDLE INITIAL BY ONE BLANK SPACE BELOW.

| NAME       (LAST NAME FIRST) | | | | | | | | | | | | | | | | | | |
| ADDRESS-LINE 1 | | | | | | | | | | | | | | | | | | |
| ADDRESS-LINE 2 | | | | | | | | | | | | | | | | | | |
| CITY | | | | | | | ST.: | | ZIP CODE | | | | — | | |
| AREA CODE | | | PHONE NUMBER | — | | | | | |
| EMAIL ADDRESS | | | | |

F0250

DETACH THIS STUB AND RETURN IT WITH YOUR PAYMENT IN THE ENCLOSED ENVELOPE