### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT PATTERMANN, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Judge Der-Yeghiayan |
| -vs- | ) ) | Case No. 08-CV-02233 |
| OSI COLLECTION SERVICES, INC., d/b/a MEDICAL ACCOUNTING SERVICE, | ) ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

## MAS'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, OSI Collection Services, Inc., d/b/a Medical Accounting Service ("MAS"), through counsel and pursuant to the Federal Rules of Civil Procedure, files this Answer and Affirmative Defenses to Plaintiff's Class Action Complaint and states:

## I.    INTRODUCTION

1.    This action is brought by Plaintiff Scott Pattermann, on behalf of himself and all others similarly situated, for statutory damages against Defendant OSI Collection Services, Inc. d/b/a Medical Accounting Service for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § § 1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**Answer:**    **MAS admits that Plaintiff purports to bring an action on behalf of himself and all others similarly situated for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies that this**

action meets the requirements of a class action and further denies any liability, violations, and wrongdoing under the law.

## II.     JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202.  Venue is proper in this district as all relevant events took place here.

**Answer:      MAS admits the allegations in ¶ 2 of Plaintiff's Complaint for jurisdiction and venue purposes only.**

## III.     PARTIES

3.      Plaintiff Scott Pattermann is an individual who resides in Plainfield, Illinois.

**Answer:      MAS admits the allegations in ¶ 3 of Plaintiff's Complaint, unless shown otherwise by discovery.**

4.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

**Answer:      MAS denies the allegations in ¶ 4 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.**

5.      Defendant OSI Collection Services ("OSI") is a debt collection agency and corporation organized under the laws of the State of Delaware with an office located at 5626 Frantz Road, Dublin, Ohio.

**Answer:**    **MAS admits that it is a Delaware corporation, that it has an office located at 5626 Frantz Road, Dublin, Ohio.  Except as specifically admitted, MAS denies the allegations in ¶ 5 of Plaintiff's Complaint.**

6.    *Sic*

**Answer:**    **Plaintiff omitted paragraph 6.  There is no allegation, and so no response is required.**

7.    According to the records of the Illinois Secretary of State, Medical Accounting Service is an "assumed name" of OSI.

**Answer:**    **MAS admits the allegations in ¶ 7 of Plaintiff's Complaint.**

8.    According to the records of the Illinois Division fo (*sic*) Professional Regulation, OSI does business as or is also known as Medical Accounting Service.

**Answer:**    **MAS admits the allegations in ¶ 8 of Plaintiff's Complaint.**

9.    OSI does business as Medical Accounting Service.

**Answer:**    **MAS admits the allegations in ¶ 9 of Plaintiff's Complaint.**

10.    OSI is engaged in the collection of debts from Illinois consumers using the mail and telephone.

**Answer:**    **MAS denies the allegations in ¶ 10 of Plaintiff's Complaint as written and specifically denies that it was acting as a debt collector in this case.**

11.    OSI regularly attempts to collect consumer debts alleged to be due to another.

**Answer:**    **MAS denies the allegations in ¶ 11 of Plaintiff's Complaint.**

12.    OSI was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Answer:    MAS denies the allegations in ¶ 12 of Plaintiff's Complaint.**

**IV.    FACTUAL ALLEGATIONS**

13.    From October 15-18, 2007, Mr. Pattermann sought medical treatment and/or services from Central DuPage Hospital.

**Answer: MAS admits the allegations in ¶ 13 of Plaintiff's Complaint upon information and belief.**

14.    Due to the medical treatment and/or services provided by Central DuPage Hospital from October 15-18, 2007, Mr. Pattermann incurred a debt to Central DuPage Hospital.

**Answer:    MAS admits the allegations in ¶ 14 of Plaintiff's Complaint upon information and belief.**

15.    After insurance payments were made, there remained a balance due to Central DuPage Hospital in the amount of $159.85 ("the Debt").

**Answer:    MAS admits that Central DuPage referred a $159.85 debt in Plaintiff's name to MAS for billing.  Except as specifically admitted, MAS denies the allegations in ¶ 15 of Plaintiff's Complaint.**

16.    Mr. Pattermann did not pay the Debt because it was covered by his employer's workers' compensation insurance.

**Answer:    MAS admits the allegations in ¶ 16 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief therein.**

17.    The Debt was due on the date of service.

**Answer:    MAS denies the allegations in ¶ 17 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief therein.**

18.    Defendant obtained the Debt after it entered default.

**Answer:    MAS denies the allegations in ¶ 18 of Plaintiff's Complaint.**

19.    By correspondence dated March 10, 2008, Defendant arranged for the preparation and transmittal of a letter to Mr. Pattermann at his residence in an attempt to collect the Debt. The front and back sides of Defendant's March 10, 2008, letter to Mr. Pattermann are attached hereto as Exhibit A.

**Answer:    MAS admits that its records show that it sent a letter to Plaintiff on or about March 10, 2008, the original being the best evidence of its contents. To the extent that Plaintiff's allegations state otherwise, MAS denies the allegations in ¶ 19 of Plaintiff's Complaint.**

20.    Exhibit A states:

Dear Scott Pattermann,

CENTRAL DUPAGE HOSPITAL has retained Medical Accounting Service to act as an extension of their business office to assist patients with their accounts.

At this time we would like to provide you with three options:

1)    Enclose payment in full with the tear off portion of this letter. Please make check payable to CENTRAL DUPAGE HOSPITAL.

2)    Apply the balance to:
Mastercard_____    Visa_____
Discover_____    American Express _____

Card Number _____

Exp. Date _____

Signature _____

3)      Contact Medical Accounting Service to establish a payment
        arrangement at 1-800-999-0203.    Their office hours are
        Monday – Friday 8:00 am to 5:00 pm EST.

* * *

*NOTICE* SEE REVERSE SIDE FOR IMPORTANT INFORMATION

**Answer:**      **MAS's March 10 letter to Plaintiff speaks for itself and is the
best evidence of its contents.    To the extent that Plaintiff's allegations state
otherwise, MAS denies the allegations in ¶ 20 of Plaintiff's Complaint.**

21.      The reverse side of <u>Exhibit A</u> (page 2 of <u>Exhibit 2</u> herein) contains the
notice required by 15 U.S.C. § 1692g.

**Answer:**      **MAS's March 10 letter to Plaintiff speaks for itself and is the
best evidence of its contents.    To the extent that Plaintiff's allegations state
otherwise, MAS denies the allegations in ¶ 21 of Plaintiff's Complaint.**

22.      <u>Exhibit A</u> contains on its reverse side below the § 1692g notice:

If you notify us in writing that: (I) You wish to cease contact with you by
telephone at your residence or place of employment, then no such further
contact by telephone shall be made; (II) You refuse to pay a debt or wish us
to cease further communication with you, then we shall not communicate
further with you with respect to such debt, except for a written
communication: (A) To advise you that our further efforts are being
terminated; (B) To notify you that we or the creditor may invoke specific
remedies which are ordinarily invoked by us or the creditor; (C) Where
applicable, to notify you that we or the creditor intend to invoke a specified
remedy permitted by law.  If your written notice concerning (I) and/or (II)
above is made by mail, notification shall be complete upon our receipt.  If
you orally inform us of (I) and/or (II) above, we shall advise you that such
communication must be in writing.    The information contained in this

6

paragraph is required to appear in our initial written communication with you.

**Answer:    MAS's March 10 letter to Plaintiff speaks for itself and is the best evidence of its contents.    To the extent that Plaintiff's allegations state otherwise, MAS denies the allegations in ¶ 22 of Plaintiff's Complaint.**

23.    Exhibit A states that a request that Defendant cease contact by telephone at the consumer's residence or place of employment must be made in writing.

**Answer:    MAS's March 10 letter to Plaintiff speaks for itself and is the best evidence of its contents.    To the extent that Plaintiff's allegations state otherwise, MAS denies the allegations in ¶ 23 of Plaintiff's Complaint.**

24.    A consumer may orally request that a debt collector cease contact by telephone at the consumer's residence.

**Answer:    MAS denies the allegations in ¶ 24 of Plaintiff's Complaint as calling for a legal conclusion.**

25.    A consumer may orally request that a debt collector cease contact by telephone at the consumer's place of employment.

**Answer:    MAS denies the allegations in ¶ 25 of Plaintiff's Complaint as calling for a legal conclusion.**

26.    A consumer may orally notify a debt collector that the consumer's residence is an inconvenient place to receive calls from a debt collector.

**Answer:    MAS denies the allegations in ¶ 26 of Plaintiff's Complaint as calling for a legal conclusion.**

27.    A consumer may orally notify a debt collector that the consumer's place of employment is an inconvenient place to receive calls from a debt collector.

**Answer:    MAS denies the allegations in ¶ 27 of Plaintiff's Complaint as calling for a legal conclusion.**

28.    A consumer may orally notify a debt collector that the consumer's place of employment prohibits the consumer from receiving calls from a debt collector.

**Answer:    MAS denies the allegations in ¶ 28 of Plaintiff's Complaint as calling for a legal conclusion.**

29.    The information contained in Paragraph 22 above was not required to appear in Defendant's initial written communication to Mr. Pattermann.

**Answer:    MAS admits the allegations in ¶ 29 of Plaintiff's Complaint.**

30.    The Debt referred to in Exhibit A was incurred for personal, family, or household purposes, *i.e.*, medical services and/or treatment.

**Answer:    MAS admits the debt was incurred for medical services.  MAS denies the remaining allegations in ¶ 30 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief therein.**

## V.    DEFENDANT'S POLICIES AND PRACTICES

31.    It is the standard policy and practice of Defendant to use false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § § 1692e and e(10).

**Answer:    MAS denies the allegations in ¶ 31 of Plaintiff's Complaint.**

8

32.    It is the standard policy and practice of Defendant to threaten to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5).

**Answer:    MAS denies the allegations in ¶ 32 of Plaintiff's Complaint.**

33.    It is the standard policy and practice of Defendant to contradict and/or overshadow the consumer's right to dispute the alleged debt within thirty days of receipt the language require by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

**Answer:    MAS denies the allegations in ¶ 33 of Plaintiff's Complaint.**

**VI.    CLASS ALLEGATIONS**

34.    This action is brought as a class action.  Plaintiff defines the class as (i) all persons with addresses within the state of Illinois (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) to recover a debt to Central DuPage Hospital (iv) incurred for medical services and/or treatment (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

**Answer:    MAS admits that Plaintiff purports to bring this action as a class action, but denies that this action or Plaintiff's proposed class definition meet the requirements of Fed. R. Civ. P. 23.**

35.    The class is so numerous that joinder of all members is impractical.

**Answer:    MAS denies the allegations in ¶ 35 of Plaintiff's Complaint.**

36.    Upon information and belief, more than 50 persons with addresses within the state of Illinois were sent a letter from Defendant in the form of Exhibit A to recover

a debt to Central DuPage Hospital incurred for medical services and/or treatment which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of the Complaint through the present.

**Answer:     MAS denies the allegations in ¶ 36 of Plaintiff's Complaint.**

37.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA by:

> A.     using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § § 1692e and e(10).

> B.     threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5); and

> C.     contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

**Answer:     MAS denies the allegations in ¶ 37 of Plaintiff's Complaint, including subparts A-C.**

38.     There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by a ministerial inspection of Defendant's records.

**Answer:     MAS denies the allegations in ¶ 38 of Plaintiff's Complaint.**

39.     Plaintiff will fairly and adequately protect the interests of the class.

**Answer:     MAS denies the allegations in ¶ 39 of Plaintiff's Complaint.**

40.     Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

**Answer:     MAS denies the allegations in ¶ 40 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief therein.**

41.     The questions of law and fact common to the class predominate over any issues involving only individual class members.  The principal issue is whether OSI's practice of sending letters in the form of Exhibit A violated the FDCPA, 15 U.S.C. § 1692 *et seq.*

**Answer:     MAS denies the allegations in ¶ 41 of Plaintiff's Complaint.**

42.     Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

**Answer:     MAS denies the allegations in ¶ 42 of Plaintiff's Complaint.**

43.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with Federal law.  The interest of the class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00.  Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

**Answer:     MAS denies the allegations in ¶ 43 of Plaintiff's Complaint.**

## VII.   COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

44.   Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

**Answer:      MAS incorporates its responses to the foregoing paragraphs as if set forth in full.**

45.   Defendant's violations of the FDCPA include, but are not limited to:

A.      using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § § 1692e and e(10).

B.      threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5); and

C.      contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

**Answer:      MAS denies the allegations in ¶ 45 of Plaintiff's Complaint, including subparts A-C.**

46.   As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to a declaratory judgment and an award of statutory damages, costs and reasonable attorney fees.

**Answer:      MAS denies the allegations in ¶ 46 of Plaintiff's Complaint.**

### MAS'S AFFIRMATIVE DEFENSES

1.   Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of MAS, or for whom MAS is not responsible or liable.

2.     Plaintiff fails to state a claim upon which relief can be granted.

3.     One or more of Plaintiff's claims are barred by the applicable statute of limitations, laches, waiver, estoppel, and/or unclean hands.

4.     Assuming that Plaintiff suffered any damages, Plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5.     Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violation is established and to the extent MAS is determined to be an FDCPA debt collector, which is specifically denied, any such violation was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

6.     Plaintiff's claims are not governed by the FDCPA, as MAS was not acting as a "debt collector" in this case.

MAS reserves the right to assert additional affirmative defenses during the course of discovery and at trial, as necessary.

WHEREFORE, MAS respectfully requests that the Court dismiss this action with prejudice and grant MAS any other relief that the Court deems appropriate.

13

Respectfully submitted,

/s/ James K. Schultz
James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL
   OF ILLINOIS, L.L.C.
1000 Skokie Boulevard, Suite 430
Wilmette, IL 60091-1181
PH:    847-853-6100
FX:    847-853-6105
jschultz@sessions-law.biz

Counsel for Defendant OSI Collection Services,
Inc. d/b/a Medical Accounting Service

## CERTIFICATE OF SERVICE

I certify that on this 27th day of May, 2008, a copy of the foregoing Answer and

Affirmative Defenses was filed electronically in the ECF system.  Notice of this filing

will be sent to the parties of record by operation of the Court's electronic filing system,

including Plaintiff's counsel as described below.  Parties may access this filing through

the Court's system.

Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD
25 East Washington Street, Suite 900
Chicago, IL 60602

/s/ James K. Schultz
Attorney for Defendant

14