**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

SCOTT PATTERMANN, on behalf
Of himself and others similarly situated,

                Plaintiff,

v.

OSI COLLECTION SERVICES, INC., d/b/a
MEDICAL ACCOUNTING SERVICE,

                Defendant.

Case No. 1:08-cv-02233
Judge Der-Yeghiayan
Magistrate Judge Ashman

---

**JOINT INITIAL STATUS REPORT**

| Counsel for Plaintiff: | Counsel for Defendant: |
|---|---|
| O. Randolph Bragg, Lead Trial Attorney<br>Craig M. Shapiro<br>HORWITZ, HORWITZ & ASSOCIATES, LTD<br>25 East Washington Street, Suite 900<br>Chicago, IL  60602<br>PH:   312-372-8822<br>FX:   312-372-1673<br>craig@horwitzlaw.com<br>rand@horwitzlaw.com | David Israel, Lead Trial Attorney<br>SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.<br>Lakeway Two, Suite 200<br>3850 North Causeway Boulevard<br>Metairie, LA  70002-7227<br>PH:   504-828-3700<br>FX:   504-828-3737<br>disrael@sessions-law.biz<br><br>James Kevin Schultz<br>SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.<br>1000 Skokie Boulevard, Suite 430<br>Wilmette, IL  60091-1181<br>PH:   847-853-6100<br>FX:   847-853-6105<br>jschultz@sessions-law.biz<br><br>Dayle M. Van Hoose<br>SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.<br>9009 Corporate Lake Drive, Suite 300-S<br>Tampa, FL  33634<br>PH:   813-890-2460 |

FX:    813-889-9757
dvanhoose@sessions-law.biz

1) Nature of Claims and counterclaims

Plaintiff, Scott Patterman ("Plaintiff"), claims that Defendant, OSI Collection Services, Inc., d/b/a Medical Accounting Service ("MAS"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by, among other things, 1) stating in its initial communication to Plaintiff that a request that Defendant cease contact by telephone at the consumer's residence or place of employment must be in writing; 2) threatening to take action that cannot legally be taken or that is not intended to be taken; and 3) contradicted and/or overshadowed the consumer's right to dispute the alleged debt within thirty days of receipt of the language required by 15 U.S.C. § 1692g(a).

Plaintiff seeks certification of a class defined as (i) all persons with addresses within the state of Illinois (ii) who were sent a letter from Defendant in the form of Exhibit A (attached to Plaintiff's Class Action Complaint, Docket # 1) (iii) to recover a debt to Central DuPage Hospital (iv) incurred for medical services and/or treatment (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one year prior to the filing off the Complaint in this action through the date of class certification.

MAS claims that the FDCPA does not apply in this case because MAS was not acting as a debt collector and Plaintiff's alleged debt at issue in this case was not in default when the creditor placed it with MAS for servicing. In the event that the Court finds that the FDCPA does apply, MAS denies any and all violations, liability or wrongdoing under the law.

2) Relief sought by plaintiff

    a. Certification of matter as a class action;
    b. Declaratory judgment that Defendant's practices violate the FDCPA;
    c. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and
    d. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

3) Names of parties not served - NONE.

4) Principal legal issues

    a. Whether the FDCPA applies to this case;

      b.      Whether the alleged debt at issue was in default when it was placed with MAS for collection;
      c.      Whether MAS's letter violates the FDCPA; and
      d.      Whether this case is proper for class certification.

5) Principal factual issues

      a.      Facts underlying whether the alleged debt at issue was in default
      b.      Facts underlying whether putative class members, as defined by Plaintiff in his Class Action Complaint, were sent the letter at issue.
      c.      Facts underlying whether the putative class members' alleged debts were in default.
      d.      Facts underlying whether Defendant is a debt collector.
      e.      Factual basis of Defendant's alleged bone fide error defense.

6) List of pending motions and brief summary of bases for motions – NONE.

7) Description of discovery requested and exchanged – NONE.

8) Type of discovery needed

      a.      Written Discovery – Interrogatories, Requests for Production, Requests for Admission.
      b.      Depositions.
      c.      Subpoenas directed to third parties.

9) Proposed dates for:

Rule 26(a)(1) disclosures: **June 20, 2008**.

Fact discovery completion (including class-related discovery): **February 10, 2009**. The parties believe such time is needed due to the fact that this case alleges class claims, as well as the fact that Defendant disputes the application of the FDCPA, the sole statute underlying Plaintiff's theories of liability.

The parties request a status conference be set shortly after the close of fact discovery to advise the Court of whether expert discovery will be needed. If no experts are needed, the parties will suggest that a briefing schedule be set on dispositive motion.

The filing of a pretrial order will be done within thirty days after a decision is rendered on the parties' dispositive motions.

3

10) Estimation of when the case will be ready for trial: **Sixty days after a decision is rendered on the parties' dispositive motions.**

11) Probable length of trial: 3 days.

12) Whether a request has been made for a jury trial – YES.

13) Whether there have been settlement discussions, and if so, the outcome of those discussions: The parties have engaged in lengthy settlement discussions, but have been unable to reach a resolution to date.

14) Whether the parties consent to proceed before a Magistrate Judge – NO.

| | |
|---|---|
| s/ Craig M. Shapiro | s/ James Kevin Schultz |
| Craig M. Shapiro | James Kevin Schultz |
| HORWITZ, HORWITZ & ASSOCIATES, LTD | SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P. |
| 25 East Washington Street, Suite 900 | 1000 Skokie Boulevard, Suite 430 |
| Chicago, IL  60602 | Wilmette, IL  60091-1181 |
| PH:   312-372-8822 | PH:   847-853-6100 |
| FX:   312-372-1673 | FX:   847-853-6105 |
| craig@horwitzlaw.com | jschultz@sessions-law.biz |
| Attorneys for Plaintiff | Attorneys for Defendant |

N:\OSI (6947)\Pattermann, Scott (CLASS) (6947-08-22788)\Pleadings\Initial Status Report.doc