IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

___

| | |
|---|---|
| SCOTT PATTERMANN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OSI COLLECTION SERVICES, INC. d/b/a MEDICAL ACCOUNTING SERVICE,<br><br>Defendants. | PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT OR, ALTERNATIVELY, FOR CLASS CERTIFICATION WITH BRIEFING STAYED<br><br>Civil Action No. 08-cv-2233<br><br>**Judge Der-Yeghiayan**<br>**Magistrate Judge Ashman** |

___

**PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT
OR, ALTERNATIVELY, FOR CLASS CERTIFICATION
WITH BRIEFING STAYED**

Plaintiff Scott Pattermann moves this Honorable Court to strike Defendant OSI Collection Services, Inc. d/b/a Medical Accounting Service's Offer of Judgment. In the alternative, Plaintiff moves for class certification with briefing stayed until class discovery is complete and reveals information and documents relevant to class certification. The following is stated in support thereof:

1.  Plaintiff Scott Pattermann filed his Class Action Complaint on April 18, 2008, alleging, on behalf of himself and all others similarly situated, that Defendant OSI Collection Services, Inc. d/b/a Medical Accounting Service violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Docket # 1. Defendant filed its Answer on May 27, 2008. Docket # 11.

2.  On June 11, 2008, Defendant sent via facsimile and served via mail a Rule 68 Offer of Judgment. Defendant's Offer of Judgment is attached hereto as Exhibit 1.

3. Defendant's Offer of Judgment offers the following:

to allow judgment to be taken against it in favor of plaintiff, Soctt Pattermann ("Plaintiff"), as follows:

1) The party making the Offer of Judgment is the Defendant, MAS;

2) The Offer of Judgment is being made to the individual Plaintiff, Scott Pattermann;

3) Judgment shall be entered against MAS for damages in the amount of One Thousand Five Hundred and No/100 Dollars ($1,500) for MAS's alleged violations of the Fair Debt Collection Practices Act and any other violations alleged in this lawsuit;

4) The Judgment entered shall also include an amount for reasonable costs and attorney's fees accrued through the date of this Offer of Judgment for prosecution of Plaintiff's individual claims only, and not for any costs or attorney's fees related to any class claims in the lawsuit. Further, by this Offer, MAS is not attempting to negate Plaintiff's right to prosecute any of his class allegations. Reasonable costs and attorney's fees are to be agreed upon by the parties, or, if the parties are unable to agree, to be determined by the Court on application by Plaintiff's counsel;

5) The Judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims that Plaintiff brought or could have brought against MAS in this lawsuit. Said judgment shall have no effect whatsoever except in settlement of those claims;

6) This Offer of Judgment is made solely for the purposes specified in Rule 68, and is not to be construed either as an admission that MAS is liable in this action, or that the Plaintiff has suffered any damages; and

7) If this Offer of Judgment is not accepted by Plaintiff within 10 days after service of the Offer, the Offer shall be deemed withdrawn. If this Offer of Judgment is not accepted by Plaintiff and the judgment finally obtained by Plaintiff is

    not more favorable than this Offer, the Plaintiff must pay his own costs incurred after the making of this Offer. MAS stipulates and agrees that it will not seek to shift MAS's costs to Plaintiff if the judgment finally obtained by Plaintiff is not more favorable than this Offer.

  8) MAS does not seek to "moot" the proposed class action by serving this Offer of Judgment.

See Exhibit 1.

  4. Defendants' Offer of Judgment must be stricken because it seeks to "pick off" the representative plaintiff in this action, possibly mooting Plaintiff's claims and depriving this Court of jurisdiction over this matter and the putative class Plaintiff seeks to represent.

  5. Defendant attempts to anticipate and prevent this argument by claiming the Offer is not an attempt to moot the class allegations. However, whether a claim is moot is a jurisdictional question and Defendant cannot authorize, by its own consent, that this Court exercise its limited jurisdiction over this case if the facts demonstrate the claims are moot. Additionally, Defendant states in the Offer, "The Judgment entered in accordance with this Offer of Judgment is to be in total settlement *of any and all claims that Plaintiff brought* or could have brought against MAS in this lawsuit." (emphasis added). Clearly, a judgment entered in accordance with the Offer will contemplate a resolution of all claims asserted by Plaintiff, including his class claims.

  6. Defendant also attempts to prevent Plaintiff's argument by stating that it will not seek to shift costs if Plaintiff does not recover more than what is offered in the Offer. However, stating it will not seek to shift costs runs contrary to the plain language and purpose of Rule 68. Defendant has no other reason to serve the Offer pursuant to Rule 68 if it does not intend to

invoke its benefits. Moreover, Defendant states in the Offer, "This Offer of Judgment is made solely for the purposes specified in Rule 68..." Rule 68 expressly states, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

7. Should this Court not Strike Defendant's Offer of Judgment and declare it to be of no effect in this case, Plaintiff moves, alternatively, for class certification and request that briefing on the issue of class certification be stayed until discovery reveals information and documents relevant to class certification.

8. Plaintiff submits the accompanying Memorandum in further support of this Motion.

WHEREFORE, Plaintiff Scott Pattermann respectfully requests that this Court enter an Order striking the Offer of Judgment served upon him and declaring the Offer of Judgment to have no effect. In the alternative, Plaintiff moves to certify this action as a class action, to appoint Plaintiff Scott Pattermann as the class representative, and to appoint his counsel as class counsel. Plaintiff requests that briefing on class certification be stayed until discovery reveals documents and information relevant to class certification.

Date:   June 16, 2008             s/ Craig M. Shapiro
                                  Craig M. Shapiro
                                  O. Randolph Bragg
                                  HORWITZ, HORWITZ & ASSOCIATES, LTD..
                                  25 East Washington Street Suite 900
                                  Chicago, Illinois 60602
                                  (312) 372-8822
                                  (312) 372-1673  (FAX)

                                  ATTORNEYS FOR PLAINTIFF
                                  SCOTT PATTERMANN

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

SCOTT PATTERMANN, on behalf
Of himself and others similarly situated,

        Plaintiff,

v.

OSI COLLECTION SERVICES, INC., d/b/a
MEDICAL ACCOUNTING SERVICE,

        Defendant.

Case No. 1:08-cv-02233
Judge Der-Yeghiayan
Magistrate Judge Ashman

---

### OFFER OF JUDGMENT TO SCOTT PATTERMANN

TO:    PLAINTIFF ABOVE-NAMED, SCOTT PATTERMANN:

Pursuant to Fed. R. Civ. P. 68, Defendant, OSI Collection Services, Inc., d/b/a Medical Accounting Service ("MAS"), hereby offers to allow judgment to be taken against it in favor of plaintiff, Scott Pattermann ("Plaintiff"), as follows:

1)     The party making the Offer of Judgment is the Defendant, MAS;

2)     The Offer of Judgment is being made to the individual Plaintiff, Scott Pattermann;

3)     Judgment shall be entered against MAS for damages in the amount of One Thousand Five Hundred and No/100 Dollars ($1,500) for MAS's alleged violations of the Fair Debt Collection Practices Act and any other violations alleged in this lawsuit;

4)     The Judgment entered shall also include an amount for reasonable costs and attorney's fees accrued through the date of this Offer of Judgment for prosecution of Plaintiff's individual claims only, and not for any costs or attorney's fees related to any class claims in the lawsuit. Further, by this Offer, MAS is not attempting to negate Plaintiff's right to prosecute any of

his class allegations. Reasonable costs and attorney's fees are to be agreed upon by the parties, or, if the parties are unable to agree, to be determined by the Court on application by Plaintiff's counsel;

5) The Judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims that Plaintiff brought or could have brought against MAS in this lawsuit. Said judgment shall have no effect whatsoever except in settlement of those claims;

6) This Offer of Judgment is made solely for the purposes specified in Rule 68, and is not to be construed either as an admission that MAS is liable in this action, or that the Plaintiff has suffered any damages; and

7) If this Offer of Judgment is not accepted by Plaintiff within 10 days after service of the Offer, the Offer shall be deemed withdrawn. If this Offer of Judgment is not accepted by Plaintiff and the judgment finally obtained by Plaintiff is not more favorable than this Offer, the Plaintiff must pay his own costs incurred after the making of this Offer. MAS stipulates and agrees that it will not seek to shift MAS's costs to Plaintiff if the judgment finally obtained by Plaintiff is not more favorable than this Offer.

8) MAS does not seek to "moot" the proposed class action by serving this Offer of Judgment.

ACCEPTED: _____
Scott Pattermann

DATE: _____

Respectfully submitted,

_James M. Van Hoe_ (signature)
James K. Schultz
jschultz@sessions-law.biz
SESSIONS, FISHMAN, NATHAN & ISRAEL
OF ILLINOIS, L.L.C.
1000 Skokie Boulevard, Suite 430
Wilmette, IL 60091-1181
PH:  847-853-6100
FX:  847-853-6105

2

David Israel, Esq.
Louisiana Bar No.: 7174
disrael@sessions-law.biz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 N. Causeway Boulevard
Telephone No.: 504-828-3700
Facsimile No.: 504-828-3737

Dayle M. Van Hoose, Esq.
Florida Bar No.: 016277
dvanhoose@sessions-law.biz
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.P.
9009 Corporate Lake Drive, Suite 300-S
Tampa, Florida 33634
Telephone No.:    (813) 890-2460
Facsimile No.:    (813) 889-9757

Counsel for Defendant,
OSI Collection Services, Inc.,
d/b/a Medical Accounting Service

**CERTIFICATE OF SERVICE**

I certify that on this __11th__ day of June, 2008, a copy of the foregoing Offer of Judgment was served by facsimile and U. S. Mail upon the following:

Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD
25 East Washington Street, Suite 900
Chicago, IL 60602

_/s/ Dayle M. Van Hoose_
Attorney

3