**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT PATTERMANN, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>OSI COLLECTION SERVICES, INC. d/b/a MEDICAL ACCOUNTING SERVICE,<br><br>               Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT OR, ALTERNATIVELY, FOR CLASS CERTIFICATION WITH BRIEFING STAYED**<br><br>**Civil Action No. 08-cv-2233**<br><br>**Judge Der-Yeghiayan**<br>**Magistrate Judge Ashman** |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT**
**OR, ALTERNATIVELY, FOR CLASS CERTIFICATION**
**WITH BRIEFING STAYED**

## I.    INTRODUCTION

Plaintiff Scott Pattermann filed his Class Action Complaint on April 18, 2008, alleging, on behalf of himself and all others similarly situated, that Defendant OSI Collection Services, Inc. d/b/a Medical Accounting Service violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Docket # 1. Defendant filed its Answer on May 27, 2008. Docket # 11.

On June 11, 2008, Defendant sent via facsimile and served via mail a Rule 68 Offer of Judgment. Defendant's Offer of Judgment is attached to Plaintiff's underlying Motion as <u>Exhibit 1</u>.

Defendant offered:

> to allow judgment to be taken against it in favor of plaintiff, Soctt Pattermann ("Plaintiff"), as follows:

1

1) The party making the Offer of Judgment is the Defendant, MAS;

2) The Offer of Judgment is being made to the individual Plaintiff, Scott Pattermann;

3) Judgment shall be entered against MAS for damages in the amount of One Thousand Five Hundred and No/100 Dollars ($1,500) for MAS's alleged violations of the Fair Debt Collection Practices Act and any other violations alleged in this lawsuit;

4) The Judgment entered shall also include an amount for reasonable costs and attorney's fees accrued through the date of this Offer of Judgment for prosecution of Plaintiff's individual claims only, and not for any costs or attorney's fees related to any class claims in the lawsuit. Further, by this Offer, MAS is not attempting to negate Plaintiff's right to prosecute any of his class allegations. Reasonable costs and attorney's fees are to be agreed upon by the parties, or, if the parties are unable to agree, to be determined by the Court on application by Plaintiff's counsel;

5) The Judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims that Plaintiff brought or could have brought against MAS in this lawsuit. Said judgment shall have no effect whatsoever except in settlement of those claims;

6) This Offer of Judgment is made solely for the purposes specified in Rule 68, and is not to be construed either as an admission that MAS is liable in this action, or that the Plaintiff has suffered any damages; and

7) If this Offer of Judgment is not accepted by Plaintiff within 10 days after service of the Offer, the Offer shall be deemed withdrawn. If this Offer of Judgment is not accepted by Plaintiff and the judgment finally obtained by Plaintiff is not more favorable than this Offer, the Plaintiff must pay his own costs incurred after the making of this Offer. MAS stipulates and agrees that it will not seek to shift MAS's costs to Plaintiff if the judgment finally obtained by Plaintiff is not more favorable than this Offer.

2

8)    MAS does not seek to "moot" the proposed class action by
serving this Offer of Judgment

See Exhibit 1 to Plaintiff's underlying Motion.

The Offer was directed to Plaintiff in his individual capacity and not as representative of the putative class. Indeed, Defendant offered no recovery to the putative class members. Defendants have attempted to use Rule 68 to moot Plaintiff's claim so as to deprive this Court of jurisdiction over this matter and the putative class that Plaintiff seeks to represent. This tactic has been expressly rejected nationwide by United States Courts of Appeals and District Courts, including this Court.[1]  For the reasons discussed below, Plaintiff requests that this Court strike Defendants' Rule 68 Offer of Judgment and declare it to be of no effect in this case.

Defendant attempts to vitiate Plaintiff's arguments by including clever, yet ineffective, language in the Offer. Defendant states that the Offer is not an attempt to moot the class allegations. See Exhibit 1, ¶ 8. Although such language coming from the Court would be determinative, here it being merely from the pen of the Defendant causes no such binding effect whatsoever. Indeed, Defendant is not at liberty to determine whether the Offer will moot the class allegations. Whether a claim is moot is a jurisdictional question, North Carolina v. Rice, 404 U.S. 244, 246; 92 S.Ct. 402, 404; 30 L.Ed.2d 413, 416 (1971), and Defendant cannot confer subject matter jurisdiction upon this Court if the facts support mootness. To wit, the United States Supreme Court has stated, "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant." Ins. Corp. Of Ir. V.

---

[1]    See Fragoso v HBLC, Inc., et al., 2007-cv-5482, N.D.Ill., Docket # 42, February 8, 2008, J.Der-Yeghiayan ("we agree with [the plaintiff] that [the defendant] should not be able to eliminate subject matter jurisdiction in this case merely by making a Rule 68 Offer early in the litigation prior to a motion for class certification...").

3

<u>Compagnie Des Bauxites De Guinee</u>, 456 U.S. 694, 702; 102 S.Ct. 2099, 2104; L.Ed.2d 492, 501 (1982). Moreover, the Offer states, "The Judgment entered in accordance with this Offer of Judgment is to be in total settlement *of any and all claims that Plaintiff brought* or could have brought against MAS in this lawsuit." <u>See</u> <u>Exhibit 1</u>, ¶ 5 (emphasis added). Clearly, Defendant seeks to resolve this case in its entirety.  A judgment entered in accordance with the Offer will contemplate a resolution of all claims asserted by Plaintiff, including his class claims.

Second, Defendant makes the Rule 68 Offer even more suspicious by stating,

> If this Offer ... is not accepted ... and the judgment finally obtained by Plaintiff is not more favorable than this Offer, the Plaintiff must pay his own costs incurred after the making of this Offer. MAS stipulates and agrees that it will not seek to shift MAS's costs to Plaintiff if the judgment finally obtained by Plaintiff is not more favorable than this Offer.

<u>See</u> <u>Exhibit 1</u>, ¶ 7. Apparently, Defendant has made a Rule 68 Offer of Judgment but has "stipulated" not to utilize its only benefit to a defendant employing its use, *i.e.*, the threat of shifting costs to the plaintiff. Rule 68 contemplates the shifting of a defendant's costs to a plaintiff should the plaintiff not obtain a more favorable judgment than that contained in the unaccepted Offer of Judgment. Defendant's "stipulation" runs contrary to the plain language and purpose of Rule 68.  Defendant has no other reason to serve the Offer pursuant to Rule 68 if it does not intend to invoke its benefits. Moreover, Defendant states in the Offer, "This Offer of Judgment is made solely for the purposes specified in Rule 68..."  Rule 68 expressly states, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." <u>Bentley v. Bolger</u>, 110 F.R.D. 108 (C.D.Ill. 1986) ("the rule *imposes* 'costs' on a party who receives through litigation an award no greater

than what the party rejected in settlement." (emphasis added)). Clearly, Defendant has served the Offer for the benefit provided by all Offers of Judgment, *i.e.*, to threaten to shift its costs to Plaintiff should he not obtain a more favorable judgment.

Defendant has attempted to buy off Mr. Pattermann at the expense of his duties to the putative class members, as well as the class members themselves. Defendant's Offer should be stricken and declared to be of no effect in this case.

## II.    ARGUMENT

### A.    Defendants' Offer of Judgment Should be Stricken and Declared to have No Effect in this Case

Defendants purport to have served the Offer in accordance with Rule 68. However, Plaintiff is not at liberty to accept the Offer because he is the representative plaintiff in this putative class action. Rule 68 is incompatible with class actions because a representative plaintiff has limited authority to accept a settlement offer, be it formal or informal. A representative plaintiff's limited authority is subject to the review and approval of the Court regarding notice, fairness, adequacy, and reasonableness. Fed.R.Civ.P. 23(e)(1)(A). See also Weiss v. Regal Collections, 385 F.3d 337, 349 n21 (3d Cir. 2004) (putative class representative's claim cannot be mooted by Rule 68 offer of judgment so as to defeat federal subject matter jurisdiction in a suit requesting class relief).

Plaintiff has assumed a responsibility to members of the putative class and this Court has a special responsibility to protect their interest regardless of whether a motion for class certification has been filed. Liles v. A.C.C.S., 201 F.R.D. 452, 455 (S.D.Iowa 2001). See also Jenkins v. Gen. Collection Co., -- F.R.D. -- , 2007 WL 3376730, 2007 U.S.Dist.LEXIS 84285,

*8 (D.Neb., Nov. 9, 2007).[2] Hinging the outcome of this motion on whether a motion for class

certification has been filed is not sound judicial practice. Liles, 201 F.R.D. at 455.  It would

encourage a "race to payoff" named plaintiffs very early in litigation, before they file motions for

class certification.  Id.

Rule 68 is inconsistent with the careful supervision required of the district court under

Rule 23(e) because Rule 68 sets a nondiscretionary ten-day limit on the plaintiff's power of

acceptance, which is clearly insufficient to consider the merits of the offer, provide notice to the

class members, and obtain court approval. See Marek v. Chesny, 473 U.S. 1, 33 n49 (1985)

(Brennan, J. dissenting).

Nor does Rule 68 address the inherent conflict of interest faced by a representative

plaintiff to whom an offer of judgment has been made. The offer exposes the representative-

offeree to liability for costs and expenses that could not be recouped from unnamed class

members. The leading treatise on class actions explains why Rule 68 should not apply where a

case is filed as a class action:

> [B]y denying the mandatory imposition of Rule 68 in class actions,
> class representatives will not be forced to abandon their litigation
> posture each time they are threatened with the possibility of
> incurring substantial costs for the sake of absent class members.

5 Newberg on Class Actions, § 15.36 at 115 (4th ed. 2002). "[The plaintiff]'s dilemma is that her

fiduciary obligations to the putative class members are pitted against her own self-interest."

Jenkins,  2007 WL 3376730, 2007 U.S.Dist.LEXIS 84285, *8-9 (internal quotations omitted).

The conflict between the policies behind Rules 23 and 68 have led the vast majority of

---

[2]       All unpublished cases cited by Plaintiff are attached hereto as Appendix A.

6

courts to reject attempts by defendants to subvert a pending class action with a Rule 68 offer.

See Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999) (court

observed that the tactic "is precluded by the fact that before the class is certified, which is to say

at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer

of the *entire* relief sought by the suit, (citing cases)" (emphasis in original); Weiss v. Regal

Collections, 385 F.3d at 344 (allowing a defendant to "pick off" a class representative with an

offer of judgment undercuts viability of class action procedure); Alpern v. Utilicorp United, Inc.,

84 F.3d 1525, 1539 (8th Cir. 1996) ("[j]udgment should be entered against a putative class

representative on a defendant's offer of judgment only where class certification has been properly

denied and the offer satisfied the representative's entire demand for injuries and costs of the suit.

This rule protects a class representative's responsibilities to the putative class members from

being terminated by a defendant's attempts to pay off the representative's claims." (citations

omitted)); Roper v. Consurve, Inc., 578 F.2d 1106, 1110 (5th Cir. 1978) ("notion that a defendant

may short-circuit a class action by paying off the class representatives ... deserves short shrift");

Sampaio v. People First Recoveries, LLC, 2008 U.S.Dist.LEXIS 17110, *5 (S.D.Fla., Feb. 19,

2008) ("Defendant's Rule 68 offer must now be stricken to prevent it from undermining the use

of the class action device."); Jenkins v. General Collection Co., 2007 U.S.Dist.LEXIS 64462, * 9

(D.Neb., Aug. 28, 2007) ("Rule 68 should not be invoked to shift costs where a plaintiff has filed

a class action complaint unless the motion for class certification is unduly delayed."); Martin v.

Mabus, 734 F.Supp.1216, 1222 (S.D.Miss. 1990) ("procedures prescribed by Rule 68 for making

an offer of judgment are literally inapplicable because Rule 23(e) requires that court approval be

obtained in order for a case to be dismissed or compromised"); Gay v. Waiters' and Dairy

Lunchmen's Union, 86 F.R.D. 500 (N.D.Cal. 1980) (holding Rule 68 inapplicable to class actions).

In Liles, 201 F.R.D. 452 at 455, the defendant made a Rule 68 offer of judgment that was not accepted by the plaintiff-class representative. The defendant filed a motion to dismiss for lack of subject matter jurisdiction.  In dismissing the defendant's motion the district court found that:

> By the very act of filing a class action, the class representatives assume responsibilities to members of the class.  They may not terminate their duties by taking satisfaction; a ceasefire may not be pressed upon them by paying their claims.  The court itself has special responsibilities to ensure that dismissal does not prejudice putative members.

Liles, 201 F.R.D. at 455 quoting Roper, 578 F.2d at 1110. The Iowa federal district court then directed the magistrate to conduct a conference with the parties to determine the schedule for submission of the plaintiff's class certification motion

In Weiss v. Regal Collections, 285 F.3d 337, 344-45 (3d Cir. 2004), the Third Circuit reasoned,

> As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative.
> ***
> Allowing defendants to "pick off" putative lead plaintiffs contravenes one of the primary purposes of class actions – the aggregation of numerous similar (especially small) claims in a single action. Moreover, a rule allowing plaintiffs to be "picked off" at an early stage in a putative class action may waste judicial resources by stimulating successive suits brought by others claiming aggrievement. This result is contrary to the purpose of Fed. R. Civ. P. 68 as well. *See* 13 Moore's Federal Practice § 68.02[2], at 68-7 (3d ed. 2004) ("The primary purpose of Rule 68 is to promote settlements and avoid protracted litigation.").
> ***
> There is another significant consideration. Congress explicitly

> provided for class damages in the FDCPA. Congress also intended
> the FDCPA to be self-enforcing by private attorney generals.
> Representative actions, therefore, appear to be fundamental to the
> statutory structure of the FDCPA.  Lacking this procedural
> mechanism, meritorious FDCPA claims might go unredressed
> because the awards in an individual case might be too small to
> prosecute an individual action. For this reason, defendants' view of
> the interplay between Fed. R. Civ. P. 23 and Fed. R. Civ. P. 68
> would frustrate Congress's explicit directive that the FDCPA be
> enforced by private attorney generals acting in a representative
> capacity. Alleged violators of federal law would be allowed to
> tender the statutory amount of damages to a named plaintiff,
> derailing a putative class action and frustrating the goals and
> enforcement mechanism of the FDCPA.

(some internal citations and quotations omitted).

In Zeigenfuse v. Apex Asset Mgmt., LLC, 239 F.R.D. 400, 401-02 (E.D.Pa. 2006), the

District Court analyzed Weiss:

> Once a defendant allows a plaintiff to take a judgment against it for
> all the relief to which he or she may be entitled, there is nothing
> further to try, and the action becomes moot. At that point, there is
> no reason for the action to continue.

> The Weiss court, however, concluded the situation to be quite
> different when a class action complaint has been filed. If an offer
> of judgment to a putative class representative were allowed to
> stand, it would be an easy way for a defendant to thwart a class
> action which may be the only viable means of obtaining relief for
> class members who individually may have claims too small to sue
> on their own. See Phillips Petroleum Co. V. Shultz, 472 U.S. 797,
> 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). A defendant, by an
> offer of judgment, could pay an insignificant amount to the named
> plaintiff to avoid a potentially significant payout if the lawsuit
> proceeded as a class action. Considerable wrongdoing could thus
> go unremedied. In addition, even if those similarly situated to the
> named plaintiff were not stymied by the lack of a class action, they
> often would have no option other than to bring small individual
> actions. These would not be in the interest of judicial economy and
> could likely generate excessive costs and fees compared to a class
> action. For all these reasons, [the Third Circuit] in Weiss held that

9

Rule 68 cannot be employed to vitiate a putative class representative's claim.

The Court stated further:

> Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under Weiss, defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. Either way, a defendant is attempting to "pick off" the named representative. Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw. It is an attempt to inject a conflict of interest between her and those she seeks to represent. The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefits it affords. We conclude that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed.

Zeigenfuse v. Apex Asset Mgmt., LLC, 239 F.R.D. at 403. See also Jenkins v. General Collection Co., 2007 WL 3376730, 2007 U.S.Dist.LEXIS 84285 at *7-8;  Strausser v. ACB Receivables Mgmt., 2007 U.S.Dist.LEXIS 14359 (E.D.Pa., Feb. 12, 2007).

Weiss and Zeigenfuse are directly on point with the instant case. Defendants have attempted to "pick off" Plaintiff as the class representative (in order to defeat this Court's subject matter jurisdiction over this case) by offering him $1,500.00, which is 50% more than the maximum he can recover individually pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(B)(i). Defendant makes this Offer while offering nothing to the putative class members. Clearly, Defendants' offer is an attempt to purchase the representative Plaintiff's acquiescence and cooperation in resolving this case with no recovery for the putative class. Such conduct undermines the purposes of both Rules 23 and 68.

10

Therefore, Defendants' Offer of Judgment should be stricken and declared to be of no effect in this case.

### B.    Class Certification

Alternatively, pursuant to Federal Rule of Civil Procedure 23, Plaintiff moves this Court to enter an Order certifying this case as a class action. However, Plaintiff requests that briefing on the issue be stayed until class discovery is completed and reveals information and documents relevant to class certification. The class is defined as (i) all persons with addresses within the state of Illinois (ii) who were sent a letter from Defendant in the form of Exhibit A (attached to Plaintiff's Class Action Complaint (iii) to recover a debt to Central DuPage Hospital (iv) incurred for medical services and/or treatment (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time April 18, 2007 (one-year prior to the filing of the Class Action Complaint) through the date of class certification.

Although Plaintiff requests this Court to follow the reasoning and holding of the Third Circuit in Weiss and to strike the Offer and declare it to be of no effect in this case, he is cognizant of relevant District Court cases that suggest an alternative course may be prudent in order to prevent the possible mooting of his class claims. See Western Railway Devices Corp. v. Lusida Rubber Products, Inc., 2006 U.S.Dist.LEXIS 43867, *6 (N.D.Ill., June 13, 2006) ("a number of judges in this district have ... uniformly concluded that the filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of a plaintiff's claim."); Wilson v. Collectco, Inc., 2003 U.S.Dist.LEXIS 17795, *4 (N.D.Ill., Oct. 6, 2003) (same); Asch v. Teller, Levit & Silvertrust, P.C., 200 F.R.D. 399, 401 (N.D.Ill. 2000) ("Allowing the plaintiffs the kind of retaliatory strike seen here..., where the plaintiff can

11

avoid the Rule 68 offer by moving for class certification during its pendency, adds an appropriate degree of symmetry to the oft-observed asymmetrical bite of Rule 68"). Therefore, Plaintiff is compelled to make this request in the alternative to ensure his and the putative class members' interests and claims in this case are preserved.

Rule 23 requires this Court to determine whether to certify this action as a class action "at an early practicable time." Defendants have forced Plaintiff to request certification at this point even though it is not yet practicable for this Court to decide the issue. Indeed, this case has not yet progressed far past the pleading stage–Defendant filed its Answer on May 27, 2008. Docket # 11. The initial status conference is set for June 19, 2008. Docket # 7. No Rule 26(a)(1) disclosures have been exchanged, nor have any discovery requests been issued by any party. Therefore, Plaintiff requests that his motion for class certification be entered and continued, and briefing on the issue of class certification be stayed until class discovery is completed and reveals information and documents relevant to class certification.

## III.    **CONCLUSION**

Notwithstanding its specious language, Defendant's Offer of Judgment seeks to "pick off" and "buy off" the representative plaintiff in this action by offering more to him than is permitted by the FDCPA, while offering nothing for the putative class members. The Offer should be stricken and declared to be of no effect in this case.

WHEREFORE, Plaintiff Scott Pattermann respectfully requests that this Court enter an

Order striking the Offer of Judgment served upon him and declaring the Offer of Judgment to

have no effect. Alternatively, Plaintiff requests that his Motion for Class Certification be entered

and continued, with briefing stayed until class discovery is completed and reveals information

and documents relevant to class certification.


Date:   June 16, 2008                    s/ Craig M. Shapiro
                                         Craig M. Shapiro
                                         O. Randolph Bragg
                                         HORWITZ, HORWITZ & ASSOCIATES, LTD..
                                         25 East Washington Street Suite 900
                                         Chicago, Illinois 60602
                                         (312) 372-8822; (312) 372-1673  (Facsimile)

                                         ATTORNEYS FOR PLAINTIFF
                                         SCOTT PATTERMANN

# APPENDIX A

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 5482 | **DATE** | 2/8/2008 |
| **CASE TITLE** | Guadalupe Fragoso vs. HBLC, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to disregard the Rule 68 Offer is denied as moot. The parties are given until March 3, 2008, to complete discovery on the issue of class certification. Plaintiff will have until March 17, 2008, to file its memorandum in support of its motion for class certification. Defendants will have until March 31, 2008, to file their response to the motion for class certification. Plaintiff's reply will be due April 7, 2008. The status hearing set for February 28, 2008, is stricken and reset to April 22, 2008. All other dates remain unchanged.

■[ For further details see text below.]                                    Docketing to mail notices.

---

## STATEMENT

This matter is before the court on Plaintiff Guadalupe Fragoso's ("Fragoso") motion to strike Defendants Steven J. Fink & Associates, P.C.'s and Steven J. Fink's (collectively referred to as "Fink") offer of judgment. Fragoso initially filed a motion to strike the offer of judgment or, alternatively, for class certification with briefing stayed. On January 10, 2007, this court struck the offer of judgment from the docket as improperly filed, and denied the alternative motion. We also allowed the parties to brief the issue of whether Fink's offer of judgment should be entirely disregarded and declared to have no effect in this case.

Fragoso filed a complaint on September 28, 2007, which contained class allegations. On December 28, 2007, Fink served upon Fragoso an offer of judgment pursuant to Federal Rule of Civil Procedure 68 ("Rule 68 Offer"). The Rule 68 Offer was served prior to any motion by Fragoso for class certification. The Rule 68 Offer was for $1,001.00, which is more than the amount that Fragoso individually could possibly recover by statute in this action. The Rule 68 Offer also expressly offered no recovery to the putative class members. Under Federal Rule of Civil Procedure 68, a plaintiff has ten days to accept the Rule 68 Offer. Fed. R. Civ. P. 68. Prior to the expiration of the ten days, Fragoso filed the instant motion (1) to strike the

## STATEMENT

offer of judgment from the docket due to the fact that it was improperly filed, (2) to declare it to be of no effect in this case, or in the alternative (3) to certify a class with briefing stayed until the completion of class discovery.

At issue in this motion is the jurisdictional ramifications stemming from Fink's Rule 68 Offer. The Seventh Circuit has held that when a plaintiff in a putative class action is served with a Rule 68 Offer for more than the plaintiff can possibly recover by statute and the time to accept the offer of judgment expires prior to any motion for class certification, the district court no longer has jurisdiction over the matter. *See Holstein v. City of Chicago*, 29 F.3d 1145, 1147-49 (7th Cir. 1994)(stating "'[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake'")(quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)). The Seventh Circuit clarified that "[i]f the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided." *Id.*

Typically, the issue of the validity of a Rule 68 Offer in a putative class action is raised on a defendant's motion to dismiss brought after the expiration of the time to respond to the offer of judgment. *See, e.g.*, *id.*; *Greisz v. Household Bank (Illinois)*, 176 F.3d 1012, 1014-15 (7th Cir. 1999); *Western Ry. Devices Corp. v. Lusida Rubber Products, Inc.*, 2006 WL 1697119, at *1 (N.D. Ill. 2006). However, in this case, Fragoso filed the instant motion to preempt any such motion to dismiss. Fragoso argues that allowing Rule 68 Offers to eliminate subject matter jurisdiction in putative class action cases would contravene the purpose and policy of class action litigation. Fragoso argues that such Rule 68 Offers create a "'race to payoff' [for] named plaintiffs very early in litigation." (Mot. 4)(quoting in part *Liles v. A.C.C.S.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001)). Fragoso asks this court to follow the lead of other district courts outside of the Seventh Circuit that have addressed this policy dilemma by declaring Rule 68 Offers to be void of effect in putative class actions.

While we agree with Fragoso that Fink should not be able to eliminate subject matter jurisdiction in this case merely by making a Rule 68 Offer early in the litigation prior to a motion for class certification, we do not find that such a drastic step of declaring the Rule 68 Offer to be void of legal effect in this action is

## STATEMENT

warranted.  Fragoso himself acknowledges that "he is cognizant of relevant District Court cases that suggest an alternative course [to declaring offers of judgment as void of legal effect] may be prudent in order to prevent the possible mooting of his class claims."  (Mot. 10).  Other courts in this district have found that mootness can be adequately prevented and jurisdiction would remain if the plaintiff files a motion to certify a class during the ten-day period for which to respond to the offer of judgment.  *See Western Ry. Devices Corp.*, 2006 WL 1697119, at *2 (stating "a number of judges in this district have addressed the issue and uniformly concluded that the filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of a plaintiff's claim").   Fragoso did file a motion prior to the expiration of the ten-day period to respond to the offer of judgment, asking for class certification as an alternative to his motion to strike the Rule 68 Offer.  Fragoso's motion was captioned as a motion to strike and, in the alternative, a motion to certify a class with a request that the briefing on class certification be stayed.  In view of the fact that we granted the motion to strike, we deemed that the alternative motion was moot and for that reason, and not on the merits, we denied it.  However, in light of the jurisdictional issues raised by Fink's Rule 68 Offer, we now reinstate, enter, and continue Fragoso's alternative motion to certify a class.  We find that since Fragoso filed a motion asking for class certification prior to the expiration of the time to respond to the Rule 68 Offer, Fragoso's claims were not mooted when Fragoso did not respond to the Rule 68 Offer.  This court has jurisdiction over this matter.  Fragoso's motion to disregard the Rule 68 Offer is therefore denied as moot.

Since this matter is still at the very early stages of the litigation we will stay briefing on Fragoso's pending motion for class certification.  The parties are given until March 3, 2008, to complete discovery on the issue of class certification.  Fragoso will have until March 17, 2008, to file its memorandum in support of its motion for class certification.  Defendants will have until March 31, 2008, to file their response to the motion for class certification.  Fragoso's reply will be due April 7, 2008.  The status hearing set for February 28, 2008, is stricken and reset to April 22, 2008.  All other dates remain unchanged.

LEXSEE 2007 U.S.DIST.LEXIS 84285

**CYNTHIA L. JENKINS, ADA HOWARD, and SANDRA LOGUE, on behalf of themselves and all others similarly situated, Plaintiffs, vs. GENERAL COLLECTION CO., MARK D. STELK and RICHARD E. GEE, Defendants.**

**CASE NO. 8:06CV743**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

**2007 U.S. Dist. LEXIS 84285**

**November 9, 2007, Decided**
**November 9, 2007, Filed**

**SUBSEQUENT HISTORY:** Class certification denied by Jenkins v. General Collection, Co., 2007 U.S. Dist. LEXIS 87877 (D. Neb., Nov. 29, 2007)

**PRIOR HISTORY:** Jenkins v. General Collection Co., 2007 U.S. Dist. LEXIS 64462 (D. Neb., Aug. 28, 2007)

**COUNSEL:** [*1] For Cynthia Jenkins, On Behalf Of Herself And All Others Similarly Situated, Plaintiff: Charles M. Delbaum, NATIONAL CONSUMER LAW CENTER, Boston, MA; Craig M. Shapiro, O. Randolph Bragg, HORWITZ, HORWITZ LAW FIRM - CHICAGO, Chicago, IL; Pamela A. Car, William L. Reinbrecht, CAR, REINBRECHT LAW FIRM, Omaha, NE.

For Ada Howard, Sandra Logue, Plaintiffs: Pamela A. Car, William L. Reinbrecht, CAR, REINBRECHT LAW FIRM, Omaha, NE.

For General Collection, Co., Mark D Stelk, Defendants: Christopher R. Morris, Michael A. Klutho, BASSFORD, REMELE LAW FIRM, Minneapolis, MN; John A. Svoboda, GROSS, WELCH LAW FIRM, Omaha, NE.

For Richard E. Gee, Defendant: Galen E. Stehlik, LAURITSEN, BROWNELL LAW FIRM, Grand Island, NE.

**JUDGES:** Laurie Smith Camp, United States District Judge.

**OPINION BY:** Laurie Smith Camp

**OPINION**

**MEMORANDUM AND ORDER**

The matter before the Court is the Defendant's Statement of Appeal of Magistrate Judge F.A. Gossett's August 28, 2007, Order (Filing No. 82), granting the Plaintiff's Motion to Strike Offer of Judgment (Filing No. 77). Judge Gossett ordered that the Offer of Judgment served by Defendant General Collection Co. ("GCC") upon Plaintiff Cynthia L. Jenkins ("Jenkins") on March 07, 2007, may not be used in [*2] any proceeding to determine costs pursuant to Fed. R. Civ. P. 68. (Filing No. 5). For the reasons stated below, GCC's Appeal of Judge Gossett's order will be denied in all respects.

**Procedural History**

On December 5, 2006, Jenkins filed a Class Action Complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq* [1]. Jenkins, individually and on behalf of all persons similarly situated, seeks actual damages, a declaratory judgment, statutory damages and other relief against the GCC arising from its alleged routine practice of filing or proceeding on lawsuits on time-barred debts. GCC filed its Answer on March 7, 2007. On the same date, GCC served Jenkins with a "Rule 68 Offer of Judgment," offering judgment to be taken against it in favor of Jenkins individually. (Filing No. 9, Ex. A). Jenkins neither accepted nor rejected GCC's Rule 68 offer. Jenkins then brought a Motion to

2007 U.S. Dist. LEXIS 84285, *2

Strike the Offer of Judgment on March 22, 2007. (Filing No. 7). Magistrate Judge Gossett issued an order granting the motion on August 28, 2007. (Filing No. 77). On September 12, 2007, GCC filed this **[*3]** appeal to reinstate the stricken offer, contending that the strike was premature. (Filing No. 82).

> 1  Jenkins amended the Complaint to add more parties on August 8, 2007. Jenkins subsequently timely filed an Amended Motion for Class Certification on August 17, 2007 (Filing No. 67) which is not yet ripe for decision.

**Reason for Appeal**

The issue on appeal is whether the magistrate judge's decision to strike the Fed. R. Civ. P. 68 "Offer of Judgment" is clearly erroneous or contrary to law given that the other district courts of the Eighth Circuit have chosen to deny similar motions to strike. GCC argues that Judge Gossett should not have followed the reasoning of the Court of Appeals for the Third Circuit in *Weiss v. Regal Collections,* 385 F. 3d 337, 340 (3d Cir. 2004)(striking a Rule 68 Offer of Judgment prior to class certification) and *Zeigenfuse v. Apex Asset Mgmt., L.L.C.,* 239 F.R.D. 400 (E.D. Pa. 2006)(concluding that Rule 68 should not be invoked to shift costs where a plaintiff has filed a class action complaint unless the filing of the motion for class certification has been unduly delayed).

**Standard of Review**

Under NECivR 72.2(a), a party may appeal a nondispositive order entered **[*4]** in a civil case by filing a "Statement of Appeal of Magistrate Judge's Order" within ten days after being served with the order. The appealing party must specifically identify the order or portion thereof appealed from and the basis of the appeal, and must file, contemporaneously with the statement of appeal, a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. Unless otherwise ordered, any party may file a brief opposing the appeal within ten days of being served with the statement of appeal.

"The district judge to whom the case is assigned . . . shall modify or set aside any portion of the judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The district judge will not modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof unless clearly

erroneous or contrary to law." NECivR 72.2(c).

**Analysis**

Fed. R. Civ. P. 68 ("Rule 68") encourages each party to balance the risks and costs of litigation against the certainty and benefits of settlement. *Marek v. Chesny,* 473 U.S. 1, 5, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985). To promote this policy, GCC contends that its Offer of Judgment should **[*5]** stand. GCC's Rule 68 Offer of Judgment included payment of Jenkins's individual claim in full up to the $ 1,000 statutory limit on Fair Debt Collections Practices Act ("FDCPA") damages. 15 U.S.C. § 1692k(a)(2)(A).

Because Jenkins did not accept the offer, GCC contends that any potential issue associated with the Offer of Judgment is not ripe for decision. Because GCC has not moved to dismiss Jenkins's claims as moot, has not moved to recover costs from Jenkins, and the Court has not been presented with the question of what costs and attorney fees are reasonable, GCC states that the Motion to Strike is premature, and there is no justiciable "actual, ongoing [case] and [controversy]" before the court. *Potter v. Norwest Mortgage, Inc.,* 329 F. 3d 608, 611 (8th Cir. 2003). GCC argues that the district courts of the Eighth Circuit have refused to strike Rule 68 offers in other cases. *Potter,* 329 F. 3d at 614 (denying appeal of class certification because the plaintiff failed to establish a continuing personal stake in the litigation); *Bryant v. Bonded Accounts Services,* 2000 U.S. Dist. LEXIS 22309, 2000 WL 33955881 (D. Minn. Aug. 2, 2000) (denying motion to strike after determining that there was no ongoing case or **[*6]** controversy).

In turn, Jenkins distinguishes the facts of Potter and the holding of *Bryant* from the more recent holding in *Jancik v. Cavalry Portfolio Services, L.L.C.,* 2007 U.S. Dist. LEXIS 49500, 2007 WL 1994026 (D. Minn. July 3, 2007). In *Potter,* the appeal was denied partly because the plaintiff chose voluntarily to settle with the defendant *after* the plaintiff's class action certification *was denied. Potter* is factually dissimilar to this case, because Jenkins's motion for class action certification is not yet ripe for decision, and Jenkins has not chosen to accept the settlement.

The facts of *Bryant* are nearly analogous to Jenkins's and reflects the majority view in the conflict between Rule 68 and Rule 23. However, the *Bryant* court held that the effect of a Rule 68 offer "is more properly addressed,

if it arises, when such a request for costs is made" and denied the motion to strike because the court determined that offer did not result in a live case or controversy. *Bryant,* 2000 U.S. Dist. LEXIS 22309, 2000 WL 33955881, at 4. In contrast, the more recent *Jancik* decision held that because the court had not denied a motion for class certification, a live case or controversy *did* exist. The court primarily based its decision on two considerations: **[*7]** (1) the plaintiff rejected defendant's settlement, and; (2) the plaintiff was seeking "relief on behalf of the class - relief Defendant clearly has not offered." *Jancik,* 2007 U.S. Dist. LEXIS 49500, 2007 WL 1994026, at 4 (citing *Alpern v. UtiliCorp United,* 84 F.3d 1525,1539 (8th Cir. 1996)(reasoning that judgment should be entered against a putative class representative only where class certification has been properly denied and the defendant's offer satisfies the representative's entire demand for injuries and costs of the suit)).

This Court finds reasoning in *Jancik* to be persuasive. *Jancik* held that as long as the "individual [plaintiff] would maintain a stake in procuring class-wide relief," there is still a justiciable case in controversy. *Jancik,* 2007 U.S. Dist. LEXIS 49500, [WL] at 4 (quoting *Roper v. Consurve, Inc.,* 578 F.2d 1106, 1111 (5th Cir. 1978)). *See also, Roble v. Celestica Corp,* 2007 U.S. Dist. LEXIS 66172, 2007 WL 2669439 (D.Minn. Sept. 6 2007.) This holding is consistent with the holdings of *Weiss* and *Zeigenfuse. Weiss* forbids the use of Rule 68 to moot possible class relief unless there is "undue delay in filing a motion for class certification." *Weiss,* 385 F.3d at 348. *Zeigenfuse* follows *Weiss,* holding that Rule 68 is applicable to individual actions, but **[*8]** cannot be invoked to "shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed." *Zeigenfuse,* 239 F.R.D. at 403. Jenkins's motion for class certification has not been unduly delayed, and the motion is not yet ripe for decision. *See supra* note 1.

Jenkins's responsibility as a class representative requires that she "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The district court also has a "requirement [to act as the guardian of the rights of class members, which] applies even if a class has not yet been certified." *Schultzen v. Woodbury Cent. Community School Dist.* 217 F.R.D. 469, 470 (N.D. Iowa 2003)(quoting *Crawford v. F. Hoffman-La Roche Ltd.,* 267 F.3d 760, 764 (8th Cir. 2001). Since GCC's offer of judgment addressed only

Jenkins's individual claims, and the offer did not address the class demands, the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action.

Because Rule 68 dictates that this offer would be "admissible... in a proceeding to determine costs," Jenkins's dilemma is that her "fiduciary obligations **[*9]** to the putative class members [are] pitted against [her] own self-interest." *McDowall v. Cogan,* 216 F.R.D. 46, 51 (E.D.N.Y. 2003). As long as relief on behalf of the class has not been addressed, Judge Gossett's determination that "[t]he offer of judgment must now be stricken to prevent it from undermining the use of the class action device," is appropriate. *Zeigenfuse,* 239 F.R.D. at 403. However, "[i]f class certification is ultimately denied, defendant, of course, will then be free to make an offer of judgment containing the cost shifting provision of Rule 68." *Id.* at 402.

**Conclusion**

Having reviewed GCC's Rule 68 Offer of Judgment (Filing No. 5), Jenkins's motion to Strike Offer of Judgment (Filing No. 7), the Offer of Judgment (Filing No. 9, Ex. A), the GCC's brief in opposition (Filing No. 10), Jenkins's brief in Support of her Motion (Filing No. 11), Judge Gossett's order granting Jenkins's Motion to Strike Offer of Judgment (Filing No. 77), GCC's Statement of Appeal (Filing No. 82), its brief in support of that motion (Filing No. 83), and Jenkins's brief in opposition to the motion for appeal (Filing. No. 97), this Court concludes that Judge Gossett's order (Filing No. 77) granting **[*10]** Jenkins's Motion to Strike Offer of Judgment was neither clearly erroneous nor contrary to law. Judge Gossett's decision is well-reasoned and his conclusion, relying on the decision of the Court of Appeals for the Third Circuit in *Weiss,* is well-founded. The Court of Appeals for the Third Circuit persuasively restates the majority view that the Rule 68 cost-shifting provision conflicts with the class action interests provided in Rule 23. To avoid this conflict, the Rule 68 offer must be stricken at this stage of the proceedings because Jenkins did not unduly delay filing her motion for class certification and the motion has not been resolved. If class certification is ultimately denied in this matter, a subsequent Rule 68 offer may be made at that time.

IT IS ORDERED:

2007 U.S. Dist. LEXIS 84285, *10

1) The Defendant's Statement of Appeal to Magistrate Judge's Order (Filing No. 82) is denied; and

2) The Magistrate Judge's August 28, 2007 Order is affirmed in all respects.

Dated this 9th day of November, 2007

BY THE COURT:

s/ Laurie Smith Camp

United States District Judge

LEXSEE 2008 U.S. DIST. LEXIS 17110

**GUSTAVO B. SAMPAIO, on behalf of himself and others similarly situated, Plaintiff, v. PEOPLE FIRST RECOVERIES, LLC, Defendant.**

**Case No.: 07-22436-Civ-Ungaro/O'Sullivan**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

**2008 U.S. Dist. LEXIS 17110**

**February 18, 2008, Decided**
**February 19, 2008, Entered**

**COUNSEL:** **[\*1]** For Gustavo B Sampaio, on behalf of himself and all others similarly situated, Plaintiff: Donald A. Yarbrough, LEAD ATTORNEY, Fort Lauderdale, FL; O. Randolph Bragg, Horwitz Horwitz & Associates, Chicago, IL.

For People First Recoveries, LLC, Defendant: David Palmer Hartnett, LEAD ATTORNEY, Hinshaw & Culbertson, Miami, FL; Monica Theresa Cronin, Hinshaw & Culbertson LLP, Miami, FL.

**JUDGES:** URSULA UNGARO, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** URSULA UNGARO

**OPINION**

**ORDER ON PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT OR, ALTERNATIVELY, FOR CLASS CERTIFICATION**

THIS CAUSE came before the Court upon Plaintiff's Motion to Strike Offer of Judgment Or, Alternatively, Motion for Class Certification, filed November 26, 2007. (D.E. 19.) Defendant filed its Response on December 22, 2007. (D.E. 32.) Plaintiff filed a Reply on January 3, 2008. (D.E. 36.) The matter is ripe for disposition.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

By way of background, on September 17, 2007, Plaintiff commenced this action by filing a class action complaint alleging Defendant engaged in abusive, deceptive, and unfair practices in violation of the Fair Debt **[\*2]** Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* With leave of the Court, Plaintiff amended the class action complaint to add a claim for violation fo the Florida Consumer Collections Practices Act, ("FCCPA"), Fla. Stat. §§ 559.55, *et seq.* The Court deemed the first amended class action complaint filed on December 7, 2007.

On November 9, 2007, before the filing of a motion for class certification, Defendant made Plaintiff an offer of judgment on Plaintiff's individual claims, pursuant to Rule 68 of the Federal Rules of Civil Procedure. The total amount of the offer was $ 1,001.00, plus reasonable attorney's fees and costs as determined to be recoverable by the Court. No offer was made to the putative class. Plaintiff neither accepted nor rejected Defendant's Rule 68 offer. Plaintiff now moves the Court to strike the Rule 68 offer of judgment. In the alternative, Plaintiff moves the Court for certification of the putative class. [1]

> 1 Plaintiff did not, however, brief the issue of class certification in his motion. Rather, Plaintiff asks the Court for "an Order certifying the case as a class action with briefing stayed until discovery is completed." (Mot. to Strike at 10.)

1. **[\*3]** Plaintiff's Motion to Strike Defendant's Rule 68 Offer of Judgment

Rule 68 of the Federal Rules of Civil Procedure

Case 1:08-cv-02233    Document 17    Filed 06/16/2008    Page 23 of 38

Page 2
2008 U.S. Dist. LEXIS 17110, *3

provides in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Fed. R. Civ. P. 68. The maximum statutory damages for any one individual under the FDCPA are $ 1,000. 15 U.S.C. § 1692k(a)(2)(A). In class actions, the named plaintiff may seek the same relief as individuals. *Id.* Unnamed class members **[*4]** may "share in an award not to exceed the lesser of $ 500,000 or one percent of the defendant's net worth." *Id.* § 1692k(a)(2)(B)(ii). Generally, an offer of judgment providing the plaintiff with the maximum allowable relief would moot the plaintiff's claim if he were suing in his individual capacity. *See Zeigenfuse v. Apex Asset Management, L.L.C.,* 239 F.R.D. 400, 401 (E.D. Pa. 2006); *Jancik v. Cavalry Portfolio Servs., LLC,* Civil No. 06-3104, 2007 U.S. Dist. LEXIS 49500, 2007 WL 1994026, at *2 (D. Minn. July 3, 2007); *Greisz v. Household Bank (Illinois), N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999). "[C]ourts are split on the issue of whether a class action case or controversy continues to exist in a FDCPA case when a defendant makes a Rule 68 offer of judgment to a class representative prior to class certification, *see Jancik,* 2007 U.S. Dist. LEXIS 49500, 2007 WL 1994026 at *2, and the Eleventh Circuit has not directly addressed the issue. This Court is persuaded by the reasoning of those courts which have held that "Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is

unduly delayed." *Zeigenfuse,* 239 F.R.D. at 403; *see also Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir. 2004); **[*5]** *Janick,* 2007 U.S. Dist. LEXIS 49500, 2007 WL 1994026 at *2-4; *Jenkins v. Gen. Collection Co.,* 246 F.R.D. 600, 602-03 (D. Neb. 2007); *Strausser v. ACB Receivables Mgmt.,* No. Civ.A.06-5109, 2007 U.S. Dist. LEXIS 14359, 2007 WL 512789 (E.D. Pa. Feb. 12, 2007); *Greisz,* 176 F.3d at 1015 ("[B]efore the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer to the *entire* relief sought by the suit." (citations omitted)). As the district court in *Jenkins* observed, because Defendant's Rule 68 offer of judgment "addresse[s] only [Plaintiff's] individual claims, and the offer [does] not address the class demands, the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action." *Jenkins,* 246 F.R.D. at 602. Accordingly, because Plaintiff's motion for class certification is not unduly delayed, and the Court has not yet made a determination as to class certification, Defendant's Rule 68 offer "must now be stricken to prevent it from undermining the use of the class action device." *Zeigenfuse,* 239 F.R.D. at 403; *Jenkins,* 246 F.R.D. at 602-03. Provided, however, "that [i]f class certification is ultimately **[*6]** denied, [D]efendant . . . will then be free to make an offer of judgment containing the cost shifting provision of Rule 68." *Zeigenfuse,* 239 F.R.D. at 403; *Jenkins,* 246 F.R.D. at 602-03.

**2. Plaintiff's Alternative Motion for Class Certification**

In his Motion to Strike, Plaintiff moves in the alternative for class certification, however, Plaintiff did not brief the issue of class certification in his motion. Rather, Plaintiff asks the Court for "an Order certifying the case as a class action with briefing stayed until discovery is completed." To maintain a class action, Plaintiff bears the burden of showing that the proposed class satisfies the four prerequisites of Federal Rule of Civil Procedure 23(a) and one of the three provisions of Rule 23(b). Rule 23(a) provides that one or more plaintiffs may sue on behalf of all members of a proposed class only if: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims of the representative are typical of the claims of the class ("typicality"); and (4) the representative parties will fairly and adequately

Case 1:08-cv-02233    Document 17    Filed 06/16/2008    Page 24 of 38

Page 3
2008 U.S. Dist. LEXIS 17110, *6

protect the interests  [*7] of the class ("adequacy"). Fed. R. Civ. P. 23(a). Rule 23(b) permits a class action if Plaintiff can demonstrate one of the following: (1) the prosecution of separate actions would create inconsistent adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class thereby permitting injunctive or declaratory relief with respect to the class as a whole; or (3) questions of law or fact common to the class predominate over issues affecting individual members. Fed. R. Civ. P. 23(b).

In making these determinations, the Court does not conduct a preliminary inquiry into the merits of the action. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974). Rather, "the Court's inquiry is limited to whether the requirements of Rule 23 have been satisfied." *Id.* at 177-78. However, this limitation should not be applied so strictly that the trial court's "examination of the factors necessary to a reasoned determination of whether plaintiff has met her burden of establishing each of the Rule 23 class action requirements" is "artificially limit[ed]." *Love v. Turlington,* 733 F.2d 1562, 1564 (11th Cir. 1984); *see also Cheney v. Cyberguard Corp.,* 213 F.R.D. 484, 489 (S.D. Fla. 2003);  [*8] *CV Reit, Inc. v. Levy,* 144 F.R.D. 690, 695 (S.D. Fla. 1992). Thus, the Court may look beyond the pleadings in determining whether to grant Plaintiff's Motion for class certification. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982); *see also Cooper v. S. Co.,* 390 F.3d 695, 712-13 (11th Cir. 2004) (recognizing that "both the Supreme Court and [the Eleventh Circuit] have noted since *Eisen* that evidence pertaining to the requirements embodied in Rule 23 is often intertwined with the merits, making it impossible to meaningfully address the Rule 23 criteria without at least touching on the 'merits' of the litigation") (citations omitted); *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 722-23 (11th Cir. 1987); *Love,* 733 F.2d at 1564. The Court may make "an informed assessment of the parties' evidence" in determining whether the class should be certified.

*Cooper,* 390 F.3d at 712; *see also Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 n.12, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978); *Nelson v. U.S. Steel Corp.,* 709 F.2d 675, 679 (11th Cir. 1983). "Actual, not presumed, compliance with the requirements of Rule 23 is necessary at all stages when the action is proceeding as a class action." *Kelly v. SabreTech, Inc.,* 195 F.R.D. 48, 52 (S.D. Fla. 1999)  [*9] (citing Falcon, 457 U.S. at 161).

Plaintiff has failed to meet his burden of showing that the proposed class satisfies the prerequisites of Federal Rule of Civil Procedure 23. However, because Plaintiff did not fully brief the issue, the Court will deny Plaintiff's alternative motion for class certification without prejudice to allow Plaintiff to file a renewed motion for class certification, in which he fully briefs the issue, on or before **Friday, February 22, 2008.** Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant's Rule 68 Offer of Judgment is GRANTED in accordance with this Order. The Rule 68 Offer is STRICKEN. In the event that class certification in this action ultimately is denied, Defendant will be free to make an offer of judgment containing the cost shifting provision of Rule 68. It is further

ORDERED AND ADJUDGED that Plaintiff's Alternative Motion for Class Certification is DENIED WITHOUT PREJUDICE in accordance with this Order. Plaintiff shall have leave to file a renewed motion for class certification, in which he fully briefs the issue, on or before **Friday, February 22, 2008.**

DONE AND ORDERED in Chambers at Miami, Florida, this 18th  [*10] day of February, 2008.

/s/ Ursula Ungaro

URSULA UNGARO

UNITED STATES DISTRICT JUDGE

LEXSEE 2007 U.S.DIST.LEXIS 64462

**CYNTHIA L. JENKINS, on behalf of herself and all others similarly situated, ADA HOWARD, and SANDRA LOGUE, Plaintiffs, vs. GENERAL COLLECTION CO., MARK D. STELK and RICHARD E. GEE, Defendants.**

**8:06CV743**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

**2007 U.S. Dist. LEXIS 64462**

**August 28, 2007, Decided**
**August 28, 2007, Filed**

**SUBSEQUENT HISTORY:** Affirmed by Jenkins v. General Collection Co., 2007 U.S. Dist. LEXIS 84285 (D. Neb., Nov. 9, 2007)

**COUNSEL:** [*1] For Cynthia Jenkins, On Behalf Of Herself And All Others Similarly Situated, Plaintiff: Charles M. Delbaum, NATIONAL CONSUMER LAW CENTER, Boston, MA; Craig M. Shapiro, O. Randolph Bragg, HORWITZ, HORWITZ LAW FIRM - CHICAGO, Chicago, IL; Pamela A. Car, William L. Reinbrecht, CAR, REINBRECHT LAW FIRM, Omaha, NE.

For Ada Howard, Sandra Logue, Plaintiffs: Pamela A. Car, William L. Reinbrecht, CAR, REINBRECHT LAW FIRM, Omaha, NE.

For General Collection, Co., Mark D Stelk, Defendants: Christopher R. Morris, Michael A. Klutho BASSFORD, REMELE LAW FIRM, Minneapolis, MN; John A. Svoboda, GROSS, WELCH LAW FIRM, Omaha, NE.

For Richard E. Gee, Defendant: Richard E. Gee, Grand Island, NE.

**JUDGES:** F.A. Gossett, United States Magistrate Judge.

**OPINION BY:** F.A. Gossett

**OPINION**

**ORDER**

This matter is before the court on plaintiff's Motion to Strike Offer of Judgment [7]. The matter has been fully briefed. For the reasons discussed herein, I find that the motion should be granted.

**BACKGROUND**

Plaintiff filed a Class Action Complaint on December 5, 2006 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.* Plaintiff, individually [*2] and on behalf of all persons similarly situated, seeks actual damages, a declaratory judgment, statutory damages and other relief against the defendant ("GCC") arising from its alleged routine practice of filing or proceeding on lawsuits on time-barred debts. The original Complaint [1] identified two subclasses of consumers designated pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

> 17. Subclass "A" is comprised of all persons who satisfy the following criteria:
>
> > (a) All Nebraska residents;
> >
> > (b) Against whom:
> >
> > > 1. GCC filed a collection lawsuit, or
> > >
> > > 2. A

2007 U.S. Dist. LEXIS 64462, *2

GCC collection lawsuit was pending or proceeding, or

3. GCC collected any funds for principal, attorney fees, interest, or costs as a result of a lawsuit;

(c) In an attempt to collect a debt incurred primarily for personal, family or household purposes, where;

(d) The alleged indebtedness was outside the relevant statute of limitations; within one year prior to the date of the Complaint in this action.

18. Subclass "B" is comprised of all persons who satisfy the following criteria:
(a) All Nebraska residents;

(b) Against whom:

1. GCC filed a collection lawsuit, or

2. A GCC collection lawsuit was pending or

proceeding, or

3. GCC collected any funds for **[*3]** principal, attorney fees, interest or costs as a result of a lawsuit;

(c) In an attempt to collect a debt incurred primarily for personal, family or household purposes, where;

(d) The alleged indebtedness was outside the relevant statute of limitations; within four years prior to the date of the Complaint in this action.

Defendant filed its answer on March 7, 2007, together with a "RULE 68 OFFER OF JUDGMENT" offering judgment to be taken against it "in favor of plaintiff Cynthia L. Jenkins individually as follows: ... Judgment shall be entered in the total amount of One Thousand and no/100 Dollars ($ 1,000) as against the above-named Defendant...." Filing [9]. Jenkins neither accepted nor rejected defendant's Rule 68 offer.

Plaintiff was subsequently allowed to amend the complaint, adding more plaintiffs and defendants to the lawsuit. The operative pleading is a Second Amended Complaint [63], filed on August 8, 2007. Plaintiffs' Amended Motion for Class Certification [67], timely filed on August 17, 2007, is not yet ripe for decision.

**LEGAL ANALYSIS**

The maximum statutory damages for any one

individual under the FDCPA is $ 1,000. 15 U.S.C. § 1692k(a)(2)(A); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.,* 239 F.R.D. 400, 401 (E.D. Pa. 2006). **[*4]** Generally, when an offer of judgment made pursuant to Fed. R. Civ. P. 68 [1] constitutes full relief for the named plaintiff's substantive claims, the plaintiff ceases to have a personal stake in the case and the court lacks jurisdiction. *Weiss v. Regal Collections,* 385 F.3d 337, 340 (3d Cir. 2004); *see also Morgan v. Account Collection Technology., LLC,* No. 05-CV-2131, 2006 U.S. Dist. LEXIS 64528, 2006 WL 2597865 at *2 (S.D.N.Y. Sept. 6, 2006).

1    Fed. R. Civ. P. 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the **[*5]** offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

Fed. R. Civ. P. 23(e) "requires court approval of a class action settlement, in certain circumstances even when the class has not yet been certified." *McDowall v. Cogan,* 216 F.R.D. 46, 48 (E.D.N.Y. 2003). In this case, the plaintiff moved to strike defendant's offer of judgment because she brought the complaint as a representative plaintiff and contends she is not at liberty to accept such an offer, *see* Fed. R. Civ. P. 23(e).

Being unable to locate any binding Eighth Circuit precedent on this issue, I adopt the Third Circuit's holding that

Absent undue delay in filing a motion **[*6]** for class certification, ... where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.

*Weiss,* 385 F.3d at 348. The holding in *Weiss* has served as a basis for striking offers of judgment made before any motion for class certification was filed.

For example, in *Zeigenfuse v. Apex Asset Mgmt.,* the plaintiff filed a class-action complaint alleging violations of the FDCPA. As in this case, the defendant served an offer of judgment pursuant to Rule 68 before a motion for class certification was filed, offering Zeigenfuse $ 1,001 plus reasonable costs and attorney's fees. The court noted that, in general, an offer of judgment providing a plaintiff with the maximum allowable relief would moot the plaintiff's claim--if she were suing in her individual capacity. 239 F.R.D. at 401 (citing *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991)). Zeigenfuse moved that the offer be stricken as improper, since she had filed a class action complaint. Zeigenfuse also timely filed a motion for class certification. The **[*7]** district court found that the offer of judgment made to Zeigenfuse should be stricken:

[W]e think the general reasoning of *Weiss* provides guidance. Here the defendant is attempting to apply Rule 68, which fits for individual actions, to undermine a putative class action. Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under *[Weiss v. Regal Collections,* 385 F.3d 337 (3d Cir. 2004)], defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. Either way, a defendant is attempting to "pick off" the

2007 U.S. Dist. LEXIS 64462, *7

named representative. Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw. It is an attempt to inject a conflict of interest between her and those she seeks to represent. The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefits it affords. We conclude that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint **[*8]** unless the motion for class certification is unduly delayed. We agree with *[Janikowski v. Lynch Ford, Inc.,* No. 98-8111, 1999 U.S. Dist. LEXIS 12258, 1999 WL 608714 (N.D. Ill. Aug. 5, 1999), *aff'd on other grounds,* 210 F.3d 765 (7th Cir. 2000)]* that the offer of judgment must now be stricken to prevent it from undermining the use of the class action device. Following *[McDowall v. Cogan,* 216 F.R.D. 46 (E.D.N.Y. 2003)]* would allow the defendant to achieve what *Weiss* seems to forbid. If class certification is ultimately denied, defendant, of course, will then be free to make an offer of judgment containing the cost shifting provision of Rule 68.

*Zeigenfuse v. Apex Asset Mgmt.,* 239 F.R.D. at 403.

In the case at bar, the defendant has not moved for dismissal for mootness, *see, e.g., Weiss,* or moved to compel Jenkins to accept the offer of judgment, *see, e.g., Morgan.* The defendant did not file the offer of judgment

and observes in its brief that since the offer was not accepted, it was deemed withdrawn by operation of Rule 68. Although the rule does provide that an offer not accepted shall be deemed withdrawn, it also says, in the same sentence, that "evidence thereof is not admissible except in a proceeding to determine **[*9]** costs." Under Rule 68, if the judgment finally obtained by the plaintiff is not more favorable than the defendant's offer, then the plaintiff must pay the costs incurred after the making of the offer.

I agree with the *Zeigenfuse* court's conclusion that Rule 68 should not be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed. In this case, the motion for class certification has not been delayed. Under the circumstances, I conclude that the offer of judgment should be stricken, in the sense that the offer may not be used in any proceeding to determine costs pursuant to Rule 68. Rule 68 does not preclude the defendants from making subsequent offers, and if class certification is ultimately denied in this matter, the defendants will be free to make offers of judgment containing the cost shifting provision of Rule 68.

**IT IS ORDERED** that Motion to Strike Offer of Judgment [7] is granted in that the Offer of Judgment served on March 7, 2007 may not be used in any proceeding to determine costs pursuant to Fed. R. Civ. P. 68.

**DATED August 28, 2007.**

**BY THE COURT:**

    s/ **F.A. Gossett**

    **United States Magistrate Judge**

LEXSEE 2007 U.S.DIST.LEXIS 14359

**ARTHUR STRAUSSER, et al., v. ACB RECEIVABLES MANAGEMENT**

**CIVIL ACTION No. 06-5109**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

**2007 U.S. Dist. LEXIS 14359**

**February 12, 2007, Decided**

**COUNSEL: [*1]** For ARTHUR STRAUSSER, NELSON LUZZETTI, on behalf of themselves and all others similarly situated, Plaintiffs: JAMES A. FRANCIS, LEAD ATTORNEY, FRANCIS & MAILMAN, PC, PHILADELPHIA, PA; DAVID A. SEARLES, DONOVAN SEARLES, LLC, PHILA, PA.

For ACS RECEIVABLES MANAGEMENT, INC., d/b/a AFFILIATED COLLECTION BUREAU, Defendant: RICHARD J. PERR, LEAD ATTORNEY, FINEMAN KREKSTEIN & HARRIS, P.C., PHILADELPHIA, PA.

**JUDGES:** Thomas N. O'Neill, Jr., J.

**OPINION BY:** Thomas N. O'Neill, Jr.

**OPINION**

*ORDER*

Plaintiffs Arthur Strausser and Nelson Luzzetti filed a class action complaint on November 17, 2006 against ACB Receivables Management, Inc. alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2007) ("FDCPA"). Plaintiffs seek actual and statutory damages for the two named plaintiffs and the class, which will be comprised of similarly situated individuals in Pennsylvania and New Jersey. Defendant filed its answer on January 26, 2007. Plaintiffs have not yet filed a motion for class certification.

On January 22, 2007, defendant tendered Offers of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure to **[*2]** Arthur Strausser and Nelson Luzzetti. The offers consisted of judgment in favor of Strausser for $ 2,000.00 and Luzzetti for $ 1500.00 plus reasonable costs and attorneys' fees for both. The offers also provided:

> In accordance with Rule 68, if this Offer of Judgment is not accepted by Plaintiff and the judgment finally obtained by Plaintiff, exclusive of costs and attorney's fees, is not more favorable than this Offer, Plaintiff must pay his costs and attorney's fees incurred after the date of this Offer, as well as Defendant's costs and attorney's fees incurred after the date of this offer.

Now before me is plaintiffs' Motion to Strike Offer of Judgment and defendant's response thereto.

I will grant plaintiffs' motion following the guidance of the Court of Appeals in *Weiss v. Regal Collections,* 385 F.3d 337 (3d Cir. 2004). In that case, the Court reviewed an Rule 68 Offer of Judgment for the maximum statutory relief available to a representative plaintiff in a class action suit. The District Court had dismissed the action, but the *Weiss* Court reversed and remanded. The Court first noted that, "[U]nder traditional mootness principles, an offer **[*3]** for the entirety of a plaintiff's claims will generally moot the claim. . . . [A] class action may be dismissed when the named plaintiff's claim is rendered moot before filing a motion for class certification." *Id.* at 345. The Court then reasoned that "allowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for

aggregating small claims." *Id.* at 344; *see also Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110 (5th Cir. 1989) ("Indeed, were it so easy to end class actions, few would survive."). The Court did not specifically decide whether the Offer of Judgment should be stricken.

My colleague, Chief Judge Bartle, recently has explained how *Weiss* applies in cases where an Rule 68 Offer is made before a motion for class certification is filed. *See Zeigenfuse v. Apex Asset Mgmt., L.L.C.,* 239 F.R.D. 400, 2006 U.S. Dist. LEXIS 90757, 2006 WL 3742773, at *3 (E.D. Pa. Dec. 14, 2006). [1] That opinion reasoned:

> Here the defendant is attempting to apply Rule 68 [*4] , which fits for individual actions, to undermine a putative class action. Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under *Weiss,* defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. Either way, a defendant is attempting to "pick off" the named representative. Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw. It is an attempt to inject a conflict of interest between her and those she seeks to represent. The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefit it affords.

2006 U.S. Dist. LEXIS 90757, [WL] at *3. Judge Bartle then concluded, "Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed." I agree with this reasoning and will grant plaintiffs' motion to strike. [2]

> 1   Defendant argues that *Zeigenfuse* violates 28 U.S.C. §§ 2071 and 2072 because it effectively creates a new rule of procedure inconsistent with the existing rules. I disagree. The Court of Appeals has already addressed this issue, noting that the conflict between Rules 23 and 68 "frustrate[s] Congress's explicit directive that the FDCPA be enforced by private attorney generals acting in a representative capacity." *Weiss,* 385 F.3d at 345.

[*5]

> 2   Defendant also argues that granting plaintiffs' motion would require an advisory opinion from this court because defendant has not attempted to recover costs on its Rule 68 offers. I disagree; this opinion is not based on a hypothetical set of facts. If I allow the offers to stand, plaintiffs will be forced to either accept the offer and render the entire class claim moot or reject the offer and face responsibility for defendant's attorneys fees.

AND NOW, this 12th day of February, 2007, it is hereby ORDERED that plaintiffs' motion to strike defendant's Offers of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure is GRANTED.

s/ Thomas N. O'Neill, Jr.

J.

LEXSEE 2006 U.S.DIST.LEXIS 43867

**WESTERN RAILWAY DEVICES CORP., Plaintiff, v. LUSIDA RUBBER PRODUCTS, INC., and John Does 1-10, Defendants.**

**No. 06 C 0052**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2006 U.S. Dist. LEXIS 43867**

**June 13, 2006, Decided**

**PRIOR HISTORY:**    **[*1]** 06-0052. 061.

**COUNSEL:** For Western Railway Devices Corp., Plaintiff: Cathleen M. Combs, Daniel A. Edelman, Dulijaza Clark, James O. Latturner, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL.

For Lusida Rubber Products, Inc., Defendant: Robert R. Cohen, Scott Jay Frankel, Frankel & Cohen, Chicago, IL.

**JUDGES:** John F. Grady, United States District Judge.

**OPINION BY:** John F. Grady

**OPINION**

### MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendant's motion is granted in part and denied in part.

### BACKGROUND

The following relevant facts, drawn from the complaint, are taken as true for purposes of this motion. On September 25, 2004, plaintiff Western Railway Devices Corp. ("Western Railway") received an unsolicited fax advertisement on its facsimile machine from defendant Lusida Rubber Products, Inc. ("Lusida"). The fax advertisement, a copy of which is attached to the complaint, promotes the services of Lusida. It also includes a fax number for Western Railway to contact to be removed from future distributions of advertisements. **[*2]** Western Railway had no prior relationship with Lusida, and had not authorized the sending of fax advertisements to it. Western Railway claims that the fax was sent as part of a mass broadcasting of faxes. Western Railway does not allege that it received any subsequent facsimiles from Lusida.

On November 8, 2005, Western Railway filed a three count complaint against defendant Lusida in Illinois state court. Count I is for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); Count II is for violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"); and Count III asserts a claim for common law conversion. The Complaint also contains class allegations. On January 5, 2006, Lusida filed a Notice of Removal to this Court.

On February 2, 2006, the same day it filed the present motion to dismiss, Lusida submitted a Fed. R. Civ. P. Rule 68 Offer of Judgment to Western Railway in which it offered an amount greater than the statutory damages available to Western Railway individually under the TCPA. Western Railway rejected the offer, and four days later, on February 6, 2006, it **[*3]** filed a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 354 (3d ed. 2004). When evaluating such a motion, the court

must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Hentosh v. Herman M. Finch Univ. of Health Sciences,* 167 F.3d 1170, 1173 (7th Cir. 1999); *Jang v. A.M. Miller & Assocs.,* 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)); *Jones v. General Elec. Co.,* 87 F.3d 209, 211 (7th Cir.), *cert. denied,* 519 U.S. 1008, 117 S. Ct. 510, 136 L. Ed. 2d 400 (1996).

Lusida asserts **[*4]** two separate arguments in its motion. First, it argues that all counts should be dismissed in light of its offer of judgment under Rule 68. Second, it argues that Western Railway's ICFA claim should be dismissed for failure to state a claim for relief. These arguments will be discussed in turn.

### A. *Rule 68 Offer of Judgment*

Lusida first argues that all counts should be dismissed for lack of subject matter jurisdiction because there is no remaining case or controversy as a result of its offer of judgment pursuant to Fed. R. Civ. P. Rule 68. Western Railway counters that its claims are not rendered moot by the offer of judgment because the offer only addresses its individual claims, and not those of the putative class. It contends that a motion to certify a class filed within the Rule 68 ten day offer period will avoid mootness.

A case becomes moot when the dispute between the parties no longer exists, or when one of the parties loses his personal interest in the outcome of the suit. *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir. 1994). "Once the defendant offers to satisfy the plaintiff's entire demand, **[*5]** there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ. P. 12(b)(1), because he has no remaining stake." *Id.* (quoting *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991)). However, mootness requirements differ somewhat in cases such as this one where a plaintiff attempts to represent a class. If the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided. *Id.* "The tactic is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not

an offer of the *entire* relief sought by the suit, unless the offer comes before class certification is sought, and so before the existence of other potential plaintiffs has been announced." *Greisz v. Household Bank (Illinois). N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999) (citations omitted).

The Seventh Circuit has not addressed the question of the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment. **[*6]** However, a number of judges in this district have addressed this issue and uniformly concluded that the filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of a plaintiff's claim. *See Parker v. Risk Mgmt. Alternatives, Inc.,* 204 F.R.D. 113, 115 (N.D. Ill. 2001) (claim not mooted where class certification motion filed before expiration of ten day period); *Kremnitzer v. Cabrera & Rephen, P.C.,* 202 F.R.D. 239, 244 (N.D. Ill. 2001) (case not mooted where plaintiff "sought class certification during the ten days following the Rule 68 offer of judgment" because class certification motion "suspend[s] the Rule 68 offer of judgment directed toward him, due to the possibility that the 'adverse party' would change materially upon certification"); *Asch v. Teller, Levit & Silvertrust, P.C.,* 200 F.R.D. 399, 400-01 (N.D. Ill. 2000) (same); *Wilson v. Collecto, Inc.,* 2003 U.S. Dist. LEXIS 17795, No. 03 C 4673, 2003 WL 22299022, at *2 (N.D. Ill. Oct. 6, 2003) (same). The court agrees with the reasoning of these decisions and holds that Western Railway's motion for class certification, **[*7]** filed four days after Lusida's Rule 68 offer, avoids mootness.

Lusida argues that the Seventh Circuit's decisions in *Holstein* and *Griesz* support its argument that a defendant can moot a potential class action by offering full relief to the named plaintiff if the offer is made before class certification is sought. However, both decisions are distinguishable, as neither addresses the issue of the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment. In *Holstein,* the plaintiff never moved for class certification. In *Griesz,* the defendant's motion was filed after class certification had been denied. "Although both of these cases make some distinction between settlement offers prior and subsequent to class certification, neither addresses the issue at hand, namely the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment." *Kremnitzer,* 202 F.R.D. at 243.

Because Western Railway filed its motion for class certification during the ten days following Lusida's Rule 68 offer of judgment, Lusida's motion to dismiss based upon its Rule 68 offer of judgment is denied.

### B. [*8] *Illinois Consumer Fraud and Deceptive Practices Act*

Lusida also moves for dismissal of Count II, Western Railway's ICFA claim. In support of this motion Lusida asserts two arguments. First, it contends that Western Railway's ICFA claim fails because the ICFA does not expressly prohibit unsolicited fax advertising, nor does it state that a violation of the TCPA or any other statute that prohibits fax advertising constitutes a violation of the ICFA. Second, Lusida contends that its conduct does not constitute a violation of the ICFA.

In support of its first argument, Lusida cites *People ex rel. Daley v. Grady,* 192 Ill. App. 3d 330, 548 N.E.2d 764, 139 Ill. Dec. 379 (1st Dist. 1989), which held that, under the doctrine of *expressio unius est exclusio alterius,* a violation of the Real Estate Licensing Act did not constitute a violation of the ICFA. The court stated that "when certain things are enumerated in a statute, that enumeration implies the exclusion of all other things even if there are no negative words of prohibition." *Id.* at 333, 548 N.E.2d at 766. Because the ICFA provides a list of "other acts" which if violated would automatically violate the ICFA, [*9] and because a violation of the Real Estate Licensing Act was absent from the list, the Court dismissed the plaintiff's ICFA claim. Lusida argues that the same reasoning applies in this case to Western Railway's ICFA claim because the statute does not list the TCPA or any other statute that prohibits fax advertising among its "other acts."

Although a TCPA violation is not a listed violation of the ICFA, this by itself merely requires that Western Railway independently state a claim under the Act. *See Chapman v. Ontra, Inc.,* 1997 U.S. Dist. LEXIS 8331, No. 96 C 0019, 1997 WL 321681, at *5 (N.D. Ill. June 6, 1997); *Perperas v. United Recovery Sys., Inc.,* 1997 U.S. Dist. LEXIS 3371, No, 96 C 7693, 1997 WL 136326, at *4 (N.D. Ill. Mar. 19, 1997). Therefore, Western Railway's ICFA claim will survive if the allegations set forth in the complaint support such a claim.

The ICFA is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices. It is to be liberally construed to effectuate its purpose. *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d 403, 416-17, 775 N.E.2d 951, 960, 266 Ill. Dec. 879 (2002). [*10] The elements of a claim under the ICFA are: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce. *Id.* at 417, 775 N.E.2d at 961.

Recovery may be had for unfair as well as deceptive conduct. *Id.* In determining whether a given course of conduct is unfair, the factors to be considered are (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. *Id.* at 417-18, 775 N.E.2d at 961 (citing *Fed. Trade Comm'n v. Sperry & Hutchinson Co.,* 405 U.S. 233, 244 n.5, 92 S. Ct. 898, 31 L. Ed. 2d 170 (1972) ). All three factors do not need to be satisfied to support a finding of unfairness. Rather, a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. *Id.* at 418, 775 N.E.2d at 961. We will discuss each of the factors to determine whether Western Railway has successfully pleaded an ICFA claim.

#### 1. *Offends Public Policy*

[*11] A practice which has not previously been held to be unlawful can offend public policy if it violates a standard of conduct set out by an existing statute or common law doctrine that typically governs such situations. *Garrett v. RentGrow, Inc.,* 2005 U.S. Dist. LEXIS 13210, No. 04 C 8309, 2005 WL 1563162, at *3 (N.D. Ill. July 1, 2005); *Elder v. Coronet Ins. Co.,* 201 Ill. App. 3d 733, 558 N.E.2d 1312, 1316, 146 Ill. Dec. 978 (1st Dist. 1990). Here, Lusida offers no rebuttal to Western Railway's argument that Lusida's conduct offends public policy. At least one Illinois court also has found that the practice of sending unsolicited facsimile advertisements offends public policy. *See Whiting Corp. V. MSI Mktg., Inc.,* No. 02 CH 6332, at *17 (Ill. Cir. Ct. Apr. 3, 2003) (Pl.'s Resp., Ex. I; Def.'s Reply, Ex. D). This factor, therefore, favors Western Railway.

#### 2. *Oppressive Practice*

With regard to the second *Robinson* factor, Western Railway argues that Lusida's conduct is oppressive

because the "fax recipients are left with no alternative, but to pay the charges associated with receiving unwanted faxes." It further argues that Lusida's conduct was oppressive with regard [*12] to the putative class as a whole. Lusida counters that the alleged fax at issue in this case had a "remove" number on it, allowing Western Railway to ensure that it did not receive any additional faxes if it did not want them. It also argues that Western Railway's failure to establish its individual claim bars its class action claims.

A practice may be considered immoral, unethical, oppressive, or unscrupulous if it imposes a lack of meaningful choice or an unreasonable burden on the consumer. *Garrett,* 2005 U.S. Dist. LEXIS 13210, [WL] at *3 (citing *Robinson,* 201 Ill.2d at 419-20, 775 N.E.2d at 962). Western Railway alleges in its complaint that Lusida sent to it one unsolicited facsimile advertisement. This facsimile included a "remove" number which Western Railway could contact to avoid receiving further facsimiles from Lusida. We conclude that the conduct alleged in this case does not constitute oppressive behavior under *Robinson.* The burden imposed by Lusida's practice can hardly be characterized as unreasonable, nor does it deprive Western Railway of a meaningful choice.

Both Western Railway and Lusida rely on *Whiting Corp. v. MSI Marketing, Inc.,* No. 02 CH 6332 [*13] (Ill. Cir. Ct. Apr. 3, 2003). *See* Pl.'s Resp., Ex. I; Def.'s Reply, Ex. D. *Whiting* involved a claim under the ICFA involving facts highly similar to those alleged in the present case. The court reviewed each of the *Robinson* factors and found that the plaintiff had failed to state a claim under the ICFA. With regard to the issue of oppressive conduct, the court stated as follows:

> The Plaintiffs allege the conduct is oppressive, yet they allege only one or two facsimile transactions to each Plaintiff. This, by inference, suggests minimal disruption of one's business or occupation. The exhibits to the complaint show each plaintiff had a reasonable alternative to the receipt of additional messages. They could call to remove themselves from the list. This conduct does not rise to the level of oppression envisioned by the drafters of ICFA.

*Whiting Corp. V. MSI Marketing, Inc.,* No. 02 CH 6332, at *17-18 (Cir. Ct. Apr. 3, 2003). We find the *Whiting* court's discussion of this issue to be persuasive. As in *Whiting,* Lusida's transmission of one single page facsimile that included a "remove" number does not amount to oppressive conduct.

Western [*14] Railway contends that practices that inflict unavoidable injury are oppressive and unfair. In support of this argument, Western Railway cites *Elder v. Coronet Ins. Co.,* 201 Ill. App. 3d 733, 558 N.E.2d 1312, 146 Ill. Dec. 978 (1st Dist. 1990) and *People ex rel. Fahner v. Hedrich,* 108 Ill. App. 3d 83, 438 N.E.2d 924, 63 Ill. Dec. 782 (2d Dist. 1982). However, both of these cases are distinguishable. In *Elder,* the court found the defendant insurance company's act of relying solely on polygraph tests in denying insurance claims to be an unfair practice because it required its insureds to file suit or forego recovery even though the defendant possessed no admissible evidence that would create a triable issue in court. *Elder,* 201 Ill. App. 3d at 746, 558 N.E.2d at 1318". In *Fahner* the defendant, owner of a mobile home park, required park tenants who sold their mobile homes to pay a transfer fee if the mobile home was to remain in his park after sale. The court found that tenants had no reasonable alternative to paying the "unconscionably large" fee. *Fahner,* 108 Ill. App. 3d at 90, 438 N.E.2d at 929. In each case the court reviewed the specific facts [*15] to find conduct that was both oppressive and unavoidable. Neither court set forth a per se standard that any practice that inflicts an unavoidable injury is oppressive and unfair. These cases are further distinguishable in that, unlike the *Elder* and *Fahner* plaintiffs, Western Railway's injury is avoidable. Lusida's advertisement fax included a "remove" number that Western Railway could use to avoid future facsimiles.

The court holds that Western Railway has failed to allege conduct that satisfies the second *Robinson* factor.

3. *Substantial Injury*

With regard to the third *Robinson* factor, Lusida argues that Western Railway did not suffer substantial injury and thus lacks standing under the statute. Western Railway counters that "plaintiff had no reasonable alternative but to receive the unwanted faxes and pay the charges associated with receiving the faxes." Western Railway contends that the receipt of the fax consumed its paper and toner and "compromised the use of her [sic] fax machine for the sake of the receipt of defendants'

unsolicited advertising material."

A practice causes substantial injury to consumers if it causes significant harm to the plaintiff **[*16]** and has the potential to cause injury to a large number of consumers. *Garrett,* 2005 U.S. Dist. LEXIS 13210, [WL] at *4. In this case, Western Railway alleges in Paragraph 26 of its complaint that it "suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result." However, Western Railway also alleges that Lusida sent to it only one single page facsimile advertisement, on September 25, 2004. The cost of receiving and printing a single page facsimile advertisement cannot be characterized as "significant harm." *See Kim v. Sussman,* No. 03 CH 07663, 2004 WL 3135348, at *3 (Ill. Cir. Ct. Oct. 19, 2004) (damages resulting from conversion of the paper and toner necessary to print unsolicited facsimile "are minuscule, *i.e.,* pennies per plaintiff.") *Accord Whiting* at *18.

In support of its claim, Western Railway points to *People ex rel. Hartigan v. Stianos,* 131 Ill. App. 3d 575, 475 N.E.2d 1024, 86 Ill. Dec. 645 (2d Dist. 1985). In *Stianos,* the Court held that a retailer's practice of charging consumers sales tax in an amount slightly greater than that authorized by law was both deceptive and unfair, **[*17]** even though the overcharge was a few pennies per transaction. However, this holding is inapplicable to the present dispute, as the case was brought by the Illinois Attorney General. An action brought by the Attorney General under Section 2 of the ICFA does not require that "any person has been misled, deceived or damaged." *Oliveira v. Amoco Oil Co.,* 201 Ill.2d 134, 149, 776 N.E.2d 151, 160, 267 Ill. Dec. 14 (2002) (quoting 815 ILCS 505/2). In contrast, a private cause of action must be brought under Section 10a(a) of the ICFA, which requires proof of actual damage. *Id.* Furthermore, such injury must be substantial. *Robinson,* 201 Ill.2d at 418, 775 N.E.2d at 961. *Stianos,* therefore, is inapposite to the present case.

Plaintiff also contends that the sending of the faxes

inflicts substantial injury upon the proposed class as a whole, pointing out that it has alleged that the fax sent by Lusida was part of a "fax broadcasting" campaign of "junk faxes." However, where a putative class representative has no valid claim in his own right, he cannot bring such a claim on behalf of a putative class. *Bunting v. Progressive Corp.,* 348 Ill. App. 3d 575, 581, 809 N.E.2d 225, 231, 284 Ill. Dec. 103 (1st Dist. 2004). **[*18]** Because Western Railway has failed to allege that it personally suffered substantial injury under the ICFA, its class allegations have no bearing on this motion.

For these reasons, we conclude that Western Railway has failed to allege that it has suffered substantial injury in this case.

4. *Summary*

In light of the foregoing, the court concludes that Western Railway has failed to state a claim under the ICFA. Although the alleged practice of Lusida may offend public policy, it is not sufficient to support a finding of unfairness in light of the lack of oppressiveness or substantial injury. Therefore, Lusida's motion to dismiss Count II is granted.

## CONCLUSION

Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is denied. Defendant's motion to dismiss Count II is granted. The dismissal is without prejudice to the filing of an amended Count II by July 5, 2006 if plaintiff can state a cognizable ICFA claim against defendant. If plaintiff does not amend its complaint within that time period. Count II will be dismissed with prejudice.

Date: June 13, 2005

ENTER:

John F. Grady, United States District Judge

LEXSEE 2003 U.S.DIST.LEXIS 17795

**DAVID WILSON, individually and on behalf of all others similarly situated, Plaintiff, v. COLLECTO, INC., a Massachusetts corporation, d/b/a Collection Company of America, Defendant.**

**No. 03 C 4673**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2003 U.S. Dist. LEXIS 17795**

**October 3, 2003, Decided**
**October 6, 2003, Docketed**

**SUBSEQUENT HISTORY:** Certification granted by Wilson v. Collecto, Inc., 2004 U.S. Dist. LEXIS 3074 (N.D. Ill., Feb. 24, 2004)

**DISPOSITION:** [*1] Defendant's motion to dismiss denied in its entirety.

**COUNSEL:** For David Wilson, PLAINTIFF: David J Philipps, Gomolinski & Phillips, Ltd, Hickory Hills, IL USA. Mary Elizabeth Philipps, Gomolinski & Phillips, Ltd, Hickory Hills, IL USA.

**JUDGES:** AMY J. ST. EVE, United States District Court Judge.

**OPINION BY:** Amy J. St. EVE

**OPINION**

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Davis Wilson filed a one count complaint against Defendant Collecto, Inc., d/b/a Collection Company of America, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1)and 12(b)(6). For the reasons set forth below, Defendant's motion is denied.

**BACKGROUND**

On July 7, 2003, Plaintiff filed this class action complaint alleging that Defendant violated the FDCPA. On July 30, 2003, Defendant sent Plaintiff a Rule 68 Offer of Judgment in the amount of $ 1,000, plus costs and reasonable attorneys' fees. That amount is the maximum that Plaintiff [*2] could recover by statute on his complaint. 15 U.S.C. § 1962k. Plaintiff did not respond to the Offer of Judgment. Instead, on August 12, 2003, Plaintiff filed a motion for class certification.

**ANALYSIS**

Defendant seeks to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction. Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980).

**I. Plaintiff's Claim Is Not Moot**

Defendant argues that its Rule 68 Offer of Judgment covered the full amount of relief available to Plaintiff, and that Plaintiff rejected that Offer by failing to respond within ten days. Defendant therefore claims that Plaintiff's FDCPA claim is moot and thus the Court does not have subject matter jurisdiction because there is no actual case or controversy before the Court. Plaintiff argues that he filed a motion for class certification *before* Defendant's Offer of Judgment expired, thus defeating Defendant's mootness argument.

Case 1:08-cv-02233     Document 17     Filed 06/16/2008     Page 37 of 38

Page 2
2003 U.S. Dist. LEXIS 17795, *2

When a defendant offers a plaintiff "the equivalent of a default judgment" **[*3]** through a Rule 68 Offer, he "eliminates a legal dispute upon which federal jurisdiction can be based." *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999). In *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994), the Seventh Circuit held that if a court certifies a class before the expiration of a Rule 68 Offer of Judgment, the plaintiff can avoid mootness. The *Holstein* court went on to note in dicta that the plaintiff "did not even move for class certification prior to the evaporation of his personal stake." *Id.* In *Greisz*, the Seventh Circuit found that the defendant's offer of judgment -- made *after* the court denied the plaintiff's motion for class certification -- rendered the case moot. As the court noted, "You cannot persist in suing after you've won." *Greisz*, 176 F.3d at 1015. The *Greisz* court proceeded to comment that the case would have been different if the defendant had made its Offer of Judgment before the district court denied the motion to certify the class. Contrary to Defendant's assertion, these Seventh Circuit cases do not address the issue currently before **[*4]** the Court -- whether the filing of a motion for class certification after a defendant makes an Offer of Judgment but before the ten day period expires renders the plaintiff's claim moot.

Several courts in this District have addressed this precise question and concluded that the filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of Plaintiff's claim. *See Parker v. Risk Mgmt. Alternatives, Inc.*, 204 F.R.D. 113, 115 (N.D. Ill. 2001) (claim not mooted where class certification motion filed before expiration of ten day period); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 244 (N.D. Ill. 2001) (case not mooted where plaintiff "sought class certification during the ten days following the Rule 68 offer of judgment" because class certification motion "suspend[s] the Rule 68 offer of judgment directed toward him, due to the possibility that the 'adverse party' would change materially upon certification"); *Asch v. Teller, Levit & Silvertrust, P.C.*, 200 F.R.D. 399, 400-01 (N.D. Ill. 2000) (same); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, No. 01 C 8194, 2003 WL 21639128, **[*5]** at *9 (N.D. Ill. July 8, 2003) (same). The Court agrees with the reasoning of these courts. As Judge Kocoras noted, "To conclude otherwise would invite the kinds of abuses and injustices that Justice Brennan described [1] and that our brethren Courts have sought to avoid." *Kremnitzer*, 202 F.R.D. at 244.

> 1   In *Marek v. Chesny*, 473 U.S. 1, 34 n.49, 105 S. Ct. 3012, 3030 n.49, 87 L. E. 2d 1 (1985) (Brennan, J., dissenting), Justice Brennan recognized the problems in applying Offers of Judgments and their ten day expiration period to the class action context. He noted that class action settlements require court approval while Rule 68 provides for judgment upon the plaintiff's acceptance. Justice Brennan further noted that the ten day expiration period is "a virtually impossible amount of time in many cases to consider the likely merits of complex claims of relief, give notice to class members, and secure the court's approval." *Id.*

This is especially true given that Plaintiff's **[*6]** complaint is styled as a class action suit. In his prayer for relief, Plaintiff specifically asks the Court to certify his action as a class action and to appoint Plaintiff to represent the class. Based on the clear information in the complaint, Defendant knew that Plaintiff "sought relief beyond merely his personal statutory damages." *Parker*, 204 F.R.D. at 114.

Defendant argues that two other district court cases in the Northern District of Illinois have found otherwise. To the contrary, in *Letellier v. First Credit Services, Inc.*, 2001 U.S. Dist. LEXIS 10288, No. 00 C 6316, 2001 WL 826873, at *4 (N.D. Ill. July 20, 2001), Judge Coar granted the motion to dismiss and specifically noted that "there was no motion to certify a class in this case before the court either at the time [Defendant] presented its Offer to [Plaintiff] *nor at any time during the ten-day pendency period." Id.* (emphasis added). Similarly, in *Wiskur v. Short Term Loans, LLC*, 94 F. Supp. 2d 937, 938 (N.D. Ill. 2000), Judge Gettleman noted that Plaintiff filed her motion for class certification "well after the Rule 68 offer had lapsed." Defendant's reliance on these cases is misplaced **[*7]** as they support Plaintiff's argument, not Defendant's.

## II. Plaintiff Timely Filed His Motion for Class Certification

The Court must next determine whether Plaintiff timely filed his motion for class certification within the ten day period. Defendant mailed its Offer of Judgment on July 30, 2003. Plaintiff thereafter filed his motion for class certification on August 12, 2003. The Court's

2003 U.S. Dist. LEXIS 17795, *7

computation of the 10 day period must comport with Federal Rule of Civil Procedure 6(a) which excludes weekends, holidays and the day Defendant mailed the Offer of Judgment from the ten day calculation. In addition, Rule 6(e) provides for an additional three days where service is by mail. *See also United States v. Hendricks*, 1993 U.S. Dist. LEXIS 8580, No. 92 C 1461, 1993 WL 226291, at *1 (N.D. Ill. June 24, 1993). Excluding weekends and adding three days for the mailing, the 10 day period expires on August 18, 2003. Accordingly, Plaintiff filed his motion for class certification before the expiration of the 10 day period. Defendant's argument that the Rule does not support the extra three days because Plaintiff received the Offer of Judgment on July 31 is not **[*8]** supported by a plain reading of the rule. [2]

> 2   Defendant also contends that Plaintiff is not an adequate class representative because he filed for Chapter 13 bankruptcy. This argument is better suited as a response to Plaintiff's motion for class certification.

### III. Plaintiff Has Stated A Claim

Defendant also seeks to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" **[*9]** of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984). While a complaint need not set out in detail the facts upon which a plaintiff bases his claim, *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985), it must "include either direct or inferential allegations with respect to all material elements of the claims asserted." *Indus. Hard Chrome Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 744 (N.D. Ill. 1999) (citing *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991)).

Plaintiff asserts that Defendant sent him a form collection letter, dated July 9, 2002 (the "July letter"), demanding payment for a debt allegedly owed to Cingular Wireless. Plaintiff alleges that Defendant sent him a second form collection letter, dated August 7, 2002 (the "August letter"), demanding payment for the same alleged debt. He contends that the language in the August letter renders the validation notice in the July letter ineffective. He further alleges that the August letter confuses the unsophisticated consumer by creating a false sense of urgency as to whether the 30 day validation **[*10]** period has already expired. Plaintiff asserts that Defendant's form collection letters violate Section 1692g of the FDCPA because they create a false sense of urgency as to whether the 30-day validation period has expired and whether the consumer must act immediately or has the full 30 days to dispute the validity of the alleged debt.

These allegations are sufficient to state a claim under Section 1692g of the FDCPA. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000) ("a FDCPA complaint states a legal claim, and therefore a FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing"); *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999) ("The conclusion that Walker's complaint states a claim on which relief may be granted and therefore may not be dismissed under Rule 12(b)(6) follows directly from the proposition that "confusion" is a matter of fact rather than law"); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) ("A contention that a debt-collection notice is confusing is a recognized legal claim; no **[*11]** more is needed to survive a motion under Rule 12(b)(6))."). Therefore, Defendant's motion is denied.

### CONCLUSION

Defendant's motion to dismiss is denied in its entirety.

DATED: October 3, 2003

AMY J. ST. EVE

United States District Court Judge